<hr/>

STOWELL VS. THE CITY OF MILWAUKEE.

CITIES.— *Damages for change of grade of street in Milwaukee.* (1) *No general system of grades need be shown.* (2-4) *Measure of damages.*

1. In an action for the "damages, costs and charges" accruing to plaintiff from an alteration of the established grade of a street adjoining his premises in the city of Milwaukee, he is not required to show that any *general system* of grades has been established by the city. The common council might establish the grade of streets *in detail*, and a subsequent change to the injury of a lot-owner would entitle him to recover under the statute. *Goodrich v. Milwaukee*, 24 Wis., 422.

2. Any appreciation in the market value resulting from such alteration to plaintiff's premises *in common with other property* affected thereby, must be deducted in estimating his damages.

3. Under the charter of said city, the expense of grading the street and sidewalk in front of a lot is always chargeable to the lot; but the amount paid by plaintiff for such grading, necessitated by an alteration in the previously established grade, is a part of the "damages, costs and charges," which he may recover in this action.

4. Where plaintiff, at the time of the trial, had not adjusted his premises to the changed condition of the street, it was not error to instruct the jury that he was entitled to recover what it would cost him to put them in the same relative position to the street as they were in before the change of grade.

APPEAL from the County Court of *Milwaukee* County.

This action was brought to recover damages alleged to have accrued to plaintiff in consequence of an alteration alleged to

have been made by the defendant city in the previously established grade of a street. The defendant had a verdict; but upon plaintiff's motion the verdict was set aside and a new trial granted; and from this order the plaintiff appealed.

The questions presented by the record will sufficiently appear from the opinion.

*E. G. Ryan*, City Attorney, for appellant.

*Jenkins & Elliott*, for respondent.*

COLE, J. Many of the questions discussed in this case by the counsel for the city were involved in the case of *Church v. The City of Milwaukee* (*ante*, p. 512) ; and as we have expressed our views upon them in that case, it is unnecessary to further consider them here. This was an action brought for damages to property resulting from a change of grade and lowering the streets in front of and adjoining the plaintiff's premises. The jury returned a verdict for the defendant, which was set aside by the court below as being against the weight of evidence; and the appeal is from the order granting a new trial.

It seems to us that the verdict was clearly against the weight of evidence. As we understand the testimony, it shows that the grade of First Avenue at its intersection with Virginia Street, and also the grade of Virginia Street at its intersection with First Avenue, had been established prior to the grade of 1866, and that the property had been improved with reference to the established grades. Whether a general system of grades had been established or not, we deem immaterial. The common council might establish the grade of the streets in detail, and if the grade should be subsequently changed to the injury of a lot owner, the party had his remedy under the provisions of the charter. *Goodrich v. The City of Milwaukee*, 24 Wis., 422.

---

*Although both this case and the preceding one were argued elaborately in this court, the argument turned so largely upon the evidence, and the special provisions of the charter of Milwaukee, that it cannot be presented here with advantage.—REP.

The fact that the plaintiff's premises were more or less injured by the grading of the streets adjoining them in the year 1867, seems to us abundantly proven in the case.

Some criticism is made by the counsel on both sides upon the charge of the county court in respect to the measure of damages. The court charged, in substance, that the plaintiff was entitled to so much as it would cost him to put the premises in the same relative position to the street after the cutting that they were before; but if the premises were benefited or damaged by the cutting, in the one case the city was to have the advantage of the increased value, and in the other case the plaintiff was to be compensated for the lessened value, in addition to the cost of lowering the premises to accommodate them to the condition of the altered grade. The court likewise told the jury that the cost of grading the streets and sidewalks in front of the premises was a proper item of damages which should be allowed the plaintiff. The counsel for the plaintiff objects to that portion of this charge which allows the general benefits conferred upon the plaintiff's premises in common with the other property affected by the grade to be offset against the direct damages. But as we have said in the Church case, this was correct. The plaintiff cannot complain if he is indemnified against all loss resulting from the change of grade ; and if his property is appreciated in its market value by the alteration, to that extent he is not damnified but benefited. The action is given by the charter, and it appears to us that it is a sufficiently liberal interpretation of the provision to hold that it allows general benefits to be set off against the damages which the owner is entitled to recover. The rule in the case of taking property for the use of a railroad corporation does not, therefore, apply.

But the counsel for the city insists that the charge was erroneous in that it allowed the plaintiff to recover the cost of grading the streets and sidewalks in front of the premises as an item of damages. The charter imposes the burden of grading

the street upon the lots abutting upon it, as a general rule. But where the grade has once been established and is afterwards changed, "all damages, costs and charges arising therefrom shall be paid by the city to the owner" whose lot is "affected or injured in consequence of the alteration of such grade." If the expense of the grade is thrown upon the plaintiff's lot, does it not constitute a "charge" upon it, and is not the lot "affected" thereby? We agree with the counsel for the plaintiff that the word "affected" has reference to the phrase "costs and charges" previously mentioned. The property is "affected" when it is burdened with the expense of grading the street. It is suggested by the counsel for the city that the language "all damages, costs and charges" refer to a judgment against the city, which would include, "damages, costs," and "charges" of the successful party. But it seems to us that the words are not used here in that sense. The object of the provision was to make the lot owner whole for any damage or expense he might sustain in consequence of the change of grade. If he had to lower his house, or grade down his lot, so as to make it accessible and conform to the grade of the street, the expense of doing this was chargeable to the city. If his property was impaired in value, or injured in any way, this was to be made good to him. And if he was to the expense of grading the street and sidewalks, this also was an item which he was entitled to recover with his damages. This is the exposition of the charter as given by the county court, and we think it was correct.

It appears that the plaintiff had not adjusted his premises to the changed condition of the street, but the court directed the jury that he was entitled to recover as much as it would cost him to put them in the same relative position to the street after the cutting as they were before. It follows from what has been said that there was no error in this portion of the charge, for the reason that if the lowering of the house and lot became necessary, the city was liable for the actual expense of putting the property *in statu quo.*

These remarks, taken in connection with what is said upon this question in the Church case, will enable all concerned to apply the proper rule of damages arising under this provision of the city charter.

*By the Court.*— The order of the county court granting a new trial is affirmed.