## CHARLES McCARTHY *vs.* CITY OF ST. PAUL.

### April 10, 1876.

City of St. Paul—Liability for Damages to Property from Change of Grade of Street.—Defendant, under and in pursuance of its charter of March 6, 1868, by the authorized action of the proper corporate authorities, caused the then established grade of Mississippi street to be altered, thereby rendering it necessary for plaintiff to lower the grade of his residence property, and a certain dwelling-house thereon adjacent to such street, in order to conform to the new grade, and to make his said property accessible and fit for use in respect thereto, and also making it necessary to build a retaining-wall on one side of said property, to protect the same from encroachments certain to occur from adjoining lots, by reason of such necessary change in the grade of his own. *Held*, 1. That, under such charter, the city became liable to plaintiff for all damages necessarily resulting to him, in respect to such his property, from the change in the established grade of the street.

Same—When Cause of Action Accrues.—2. That an action for the recovery of such damages accrued to plaintiff, and might be maintained by him, whenever and as soon as the alteration in the grade of the street became legally and finally determined and fixed.

Same—Amended Charter.—3. That his right of action was not taken away nor affected by the amended charter of March 5, 1874.

Same—What Damages Recoverable.—Neither the street nor the lots affected by the alteration of the grade having been actually graded to correspond therewith, the necessary cost of conforming the latter thereto is a proper matter for consideration upon the question of damages, and is not objectionable on the ground of its being contingent and prospective. The cost of a retaining-wall was also properly allowed.

This action was brought in the district court for Ramsey county to recover for the injury alleged to have been occasioned to plaintiff's lots on Mississippi street, in the city of St. Paul, by the change of the grade of that street. At the trial, before *Wilkin*, J., the plaintiff had a verdict, on which judgment was entered, and defendant appealed.

*W. A. Gorman*, for appellant.

*C. M. McCarthy*, for respondent

CORNELL, J.[1] By § 12, ch. 8, of the charter of the defendant corporation, which was adopted March 6, 1868,

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

it is provided that "the common council shall cause to be established, under the direction of the city surveyor, the grade of all streets, sidewalks and alleys in said city, and shall cause accurate profiles thereof to be made, one of which shall be filed in the office of the register of deeds of Ramsey county ; and should the grade so established be at any time thereafter altered, all damages, costs and charges arising therefrom shall be paid by the city to the owner of any lot, or parcel of land, or tenement, which may be affected or injured in consequence of the alteration of such grade ; *provided*, that in case a change of an established grade shall be ordered by the common council, notice of such order shall be published, * * * and any property owner feeling himself aggrieved by such order may, within twenty days, * * * appeal therefrom to the district court of Ramsey county. * * * On the trial of such appeal such court shall have full power to determine the necessity or expediency of such proposed change of grade, and all other questions involved in such appeal and such order of the common council shall not take effect until twenty days from its publication as aforesaid, nor pending such appeal." Sp. Laws 1868, p. 97, § 12.

This statute clearly imposes upon the city, whenever it alters an established grade, a liability in favor of the owner of any lot, parcel of land, or tenement, affected or injured thereby, for all such damages, costs and charges as may be occasioned by reason of such alteration. The alteration here referred to is not the change wrought in the surface of the street by bringing it to the altered grade, but the legal change in the grade line of the street effected by the final decision of the tribunal which is charged with the power and duty of acting in such matters. Whenever such decision takes effect as to any street, the adjoining property is necessarily affected by it. Its value thereafter, for purposes of sale or occupancy, is determined, in part, with reference to the new grade, which it must be presumed the city, in the

discharge of its duty in the premises, will cause to be carried into effect as soon as may be.     The right to damages arising from any such alteration accrues, therefore, to the property owner injured by it whenever and as soon as the same becomes legally fixed and operative.

It is immaterial whether the city has in fact changed the surface of the street, or the property owner the grade of his lots, to correspond with the altered grade, or not.     The damages are the same in either case, and must be estimated upon the basis that the lots must be used and occupied in reference to the new grade of the street.     *Stowell* v. *City of Milwaukee*, 31 Wis. 523.

The rule is well settled that whenever the statute gives a right, but omits to prescribe any specific remedy for its enforcement, the common law furnishes the remedy by an action like the present.     *Lowell* v. *Wyman*, 12 Cush. 273; 2 Dillon Mun. Corp. § 759.     The amended charter of 1868, under which the present action is brought, is silent as to the mode in which the lot owner shall proceed in recovering the damages, costs and charges which it declares the city shall pay for the injuries to his property.     The appeal given to an aggrieved lot owner, by the proviso to § 12, from the order of the council, only brings before the district court the necessity or expediency of the proposed change of grade, and such questions connected therewith as may be involved in the determination of such matter on the appeal, but cannot be held as reaching the question of damages sustained by the lot owner, as that is clearly not a matter which the council has any authority to pass upon.     Hence, the present action is properly brought by the plaintiff, it being his only remedy for the enforcement of a conceded right.

It is claimed, however, that it cannot be maintained because the amended city charter of 1874 expressly provides a specific mode for ascertaining and assessing damages in cases of this character.     It is a full and complete answer

to this position that ch. 12, § 23, the repealing section of that act, expressly saves and reserves from its operation and effect all claims or demands theretofore created, and then existing, under and by virtue of any prior acts, and declares that the same shall exist and be enforced and carried out as fully and effectually, to all intents and purposes, as if the said act of 1874 had not been passed. Sp. Laws 1874, p. 105, § 23.

The property in question was residence property, which had been built upon and improved in reference to the grade of Mississippi street, as originally established by the city. At the time of the commencement of the action this street, along said property, had not in fact been changed to correspond with the new grade. On the trial, testimony was offered tending to show that the reduction of the street to such grade would necessarily occasion a grading down of the lots in question, and a lowering of the house thereon, in order to made them accessible, habitable and fit for use, and render the construction of a retaining-wall on one side of the lots necessary, as a protection against encroachments from the soil and buildings upon the adjoining lots, and also the cost of these several items of work. The testimony was allowed by the court, against defendant's objections, to assist the jury in making their assessment, and to determine how much the value of the property was depreciated, but without ruling as to the final effect of it.

It is objected by defendant that this and other like testimony received on the trial was incompetent because, the street not having been reduced to grade, and none of these items of work having been done, the damages which this kind of evidence tended to show were purely prospective and contingent. As has already been stated, the act which caused plaintiff's injuries, and entitled him to any damages, was the alteration, legally, of the old established grade. The whole amount of this damage, whatever it was, accrued then, and is wholly unaffected by any subsequent conduct,

either of the city or of the plaintiff. If, as is the case, the direct and necessary consequence of the act of alteration was to depreciate the value of the lots by reason of such change in the grade of the street, the expenses which must necessarily be incurred, in order to readjust the grade of the lots to conform to the changed condition of the street, are as proper elements of damage as though they had been actually incurred. In no just sense can they be regarded as contingent or prospective damages. *Stowell* v. *City of Milwaukee*, 31 Wis. 523.

In case the necessary excavation of plaintiff's lots rendered the building of a retaining-wall a necessity, in order to guard against the caving in of the soil and buildings on adjoining property, it would be his duty to do it to protect himself against such damages as would arise from such excavation without the supporting-wall. *Cahill* v. *Eastman*, 18 Minn. 324.

In its charge the court expressly instructed the jury that the plaintiff could only recover compensation for his actual damages occasioned by the change in the grade, not exceeding, however, the value of the premises, nor the amount claimed in the complaint. This was the correct rule of damages as applicable to the facts in this case.

Judgment affirmed.