ADELINE TAYLOR *vs.* CITY OF ST. PAUL.

June 29, 1878.

Street Grades—Damages.—Sp. Laws 1877, *c.* 23, § 9, which relates to change of street grades in the city of St. Paul, considered, and *held* inapplicable to the cause of action set up in the complaint in this case.

Appeal by defendant from an order of the district court for Ramsey county, *Simons,* J., presiding, overruling a demurrer to the complaint.

*W. P. Murray,* for appellant.

*Brisbin & Spooner,* for respondent.

BERRY, J. Plaintiff is owner of a certain lot with buildings thereon, situate on the north side of Fifth street, in the city of St. Paul. In 1872, the city changed the theretofore established grade of the street, where the same borders upon the plaintiff's premises, and established a new grade there, the line of which was about ten feet lower than the line of the former grade. Immediately after the change of grade, the city entered upon the street where it bordered upon plaintiff's premises, and then and there excavated and removed the earth and rock, to the depth of about ten feet below said former grade. For the damages resulting from these acts the plaintiff brings this action.

The liability of the city upon the state of facts thus set up in the complaint was upheld in *McCarthy* v. *City of St. Paul,* 22 Minn. 527, and is not denied. But in behalf of the city, it is insisted that since the decision in the McCarthy case, a statute (Sp. Laws 1877, *c.* 23, § 9) has stepped in,

v.25m—9

and taken away the remedy by the special course of proceedings prescribed in Sp. Laws 1874, c. 1, subc. 7, tit. 3, p. 81. Under this course of proceeding, after a change of grade has been finally determined, the matter of the assessment of damages and benefits is referred by the common council to the board of public works. Upon receiving the order, the board are required to make the assessment, and they are authorized to proceed to confirm the same, having first given notice, by publication, of the completion of the assessment, and of the time and place at which they will meet to hear objections to it, etc. Within twenty days after the first publication of the notice, any party aggrieved by the assessment of damages may, under certain regulations and restrictions, appeal to the district court.

In the case at bar, it appears from the complaint that the change of grade was made in 1872, and that the excavation, etc., complained of was done immediately thereafter—some four or five years before the passage of the act of 1877, above cited. It was the duty of the city authorities to cause the assessment of damages to be made, if not before entering upon the plaintiff's land to excavate, certainly within a reasonable time after making the change of grade. What would be a reasonable time, in general, we need not now determine. It is enough for the purposes of this case to say that it would be less than four years, or even one year. The complaint in this case contains no allegation as to any assessment of damages by the board of public works in favor of the plaintiff. It is to be presumed, however, in the absence of anything to the contrary, that the proper authorities discharged their duty in the premises, and, therefore, that all the assessment proceedings were duly taken long before the passage of the act of 1877. If this is so, then it would not have been possible for the plaintiff, after that act became a law, to take the appeal provided for, since the prescribed twenty days within which an appeal must be taken, if at all, had long gone by. At the time of the passage of the act of 1877, it was, therefore, as

remarked by the court below, "too late for the plaintiff to pursue the remedy therein provided." Certainly, it was not competent for the legislature to take away her general right of action for damages, by substituting in its place a remedy of which it was impossible for her to avail herself. We agree with the judge below, that "the case stated in the complaint is not in any manner affected by the act of 1877."

Order affirmed.