# APPENDIX TO PART FIRST.

## JANUARY TERM, 1874.

| 35 | 403 |
| 115 | 4249 |

### ALLEN VS. THE CITY OF JANESVILLE.

CITY CHARTER: STREET IMPROVEMENTS. *Liability of city to contractor, where it fails to make the improvement a legal charge on adjoining lots.*

1. Whether the common council of a city has any power, other than that specifically granted in the city charter, to charge the municipality with the expense of repairing and improving public streets therein, is not here decided.

2. Provisions in a city charter prescribing and regulating the proceedings necessary to making the cost of repairs and improvement of streets a charge upon specific lots (there being no provision that the cost shall in no event become a city charge), are not limitations upon the general power of the council to order such repairs and improvements.

3. Under sec. 18, ch. VI of the charter of Janesville (P. & L. Laws of 1866, ch. 474), the city council had power, in 1870, to direct a street to be graded, macadamized, paved or repaved, planked or replanked, at the expense of said city, upon the recommendation in writing of a majority of the resident owners of property bounded by such street (with certain exceptions not applicable to this case); and it had power to provide for excavating, graveling and curbing a street without any such petition.

4. Where the council entered into a contract for the improvement of a street, which it had power to improve as specified in the contract at the expense of the city, and the proceedings taken by it to make the cost of such improvement a charge upon adjoining lots were fatally defective: *Held*, that the *city was liable* to the contractor for the contract price of the work.

APPEAL from the Circuit Court for *Rock* County.

Action to recover for certain work alleged to have been done by the plaintiff for the defendant, *The City of Janesville*, in the improvement of North Main Street, one of the public streets in the second ward of that city.

The complaint states that on the 13th day of October, 1870, a recommendation in writing, signed by more than a majority of the resident owners of property bounded by North Main Street, was presented to the common council of said city, recommending and asking the council to " cause to be macadamized that part of said street lying between the north line of East Milwaukee Street and the south line of North Second Street;" also that the council " cause the gutters on that part of the said street to be repaved where the same is needed, also the curb stones to be reset where the same are needed, pursuant to the charter of said city in such cases made and provided, and under the supervision of the aldermen of the second ward; and that said work be done in accordance with the now established grade, said work to be paid for by the property fronting on that part of said street improved; also to have all of said street repaired as it is needed, as far north as the railroad bridge."

The complaint sets out in full the proceedings taken by the council for the purpose of making the cost of the improvement a charge upon the specific property adjoining the same, including the making of an assessment upon such property, and the delivery thereof to the city treasurer with a warrant for the collection of the assessment. It alleges that such assessment is invalid for certain specified reasons, and that no attempt has been made by the city authorities to collect the same, for that reason. It further alleges that the council contracted with the plaintiff to make the proposed improvement at certain specified prices per yard or foot for (1) macadamizing, (2) curbing, (3) paving, (4) excavation, and (5) graveling; that he performed the work in accordance with the contract, and that the contract price therefor, and the value of the work, amounted

to $2,645, of which sum $2,169.91 has been paid to the plaint-iff, voluntarily, by some of the persons assessed for such improvement. Judgment is demanded for the balance of the contract price and interest thereon.

It should also be stated that the complaint avers that the work was done to the satisfaction and approval of the aldermen of the second ward, and was accepted by the mayor and common council of the city.

A demurrer to the complaint as failing to state facts sufficient to constitute a cause of action, was sustained; and from the order sustaining the same, the plaintiff appealed.

*John Nichols* and *L. F. Patten*, for appellant:

The assessment made cannot be enforced because work was done which was not embraced in the order; because the extent and quantity of the work to be performed was not specified in the order, but left to the caprice of the aldermen of the ward; because the advertising and letting of the curbing were irregular; because the provisions of the charter were not observed in the assessment. *Thompson v. Schermerhorn*, 2 Seld., 92; *Kneeland v. Milwaukee*, 18 Wis., 411; *Foss v. Chicago*, 3 Chicago Legal News, No. 40; *Moore v. Chicago*, 60 Ill., 243; *Chicago v. People*, 48 Ill., 416. 2. The property not being liable to pay for the work, and the city having accepted the work, it is liable to the appellant. The aldermen of the second ward, who superintended the work and gave the plaintiff directions in respect to it, were the agents of the city; and the city might ratify their acts. *Conrad v. Trustees of Village of Ithaca*, 16 N. Y., 159; 2 Kent, 291, and cases there cited; *Peterson v. Mayor of New York*, 17 N. Y., 449. The acts of the common council stated in the complaint were a ratification of the acts of the aldermen. 3. The said work being of value, it became, upon such ratification, the duty of the city to pay the balance due, and as it cannot do this under its power to make special assessments, it must do it by the exercise of its other powers. *Peterson v. Mayor of New York*, 17 N. Y., 449; *Messenger v. Buffalo*,

21 id., 196 ; *Maher v. Chicago*, 38 Ill., 266 ; *City of Chicago v. The People, etc.*, 48 id., 416.

*J. W. Sale*, for respondent :

1. The work done by the plaintiff was such that the council had authority to contract for it only after the request of the property owners ; and it must be paid for by an assessment upon the property bounding the street. Charter, ch. 6, secs. 18, 19 ; [pp. 1150, 1151, P. & L. Laws of 1866]. 2. Where a special power is conferred, and the manner in which it is to be exercised provided, by statute, the validity of the acts done depends on their strict conformity to the statute. *Myrick v. La Crosse*, 17 Wis., 442 ; *Battman v. San Francisco*, 20 Cal., 96. The authority of the common council to improve the streets was such a power ; and the statute must be strictly followed. *Kneeland v. Milwaukee*, 18 Wis., 411. 3. A party contracting with a municipal corporation must take notice of any want of authority which the public records would show ; and if the corporation makes an unauthorized contract, the other party cannot maintain an action thereon, although he may have complied with the undertaking on his part. Cooley's Con. Lim., 196 ; *Swift v. Williamsburg*, 24 Barb., 427. 4. When the mode of contracting is specially prescribed and limited, that mode is exclusive, and must be pursued in order to be binding on the corporation. Dillon on Munic. Corp., § 373. 5. When a municipal corporation enters into a contract *ultra vires*, no implied contract arises to compensate the contractor, notwithstanding the corporation may have reaped the benefit of his labor. Cooley's Con. Lim., 211–12 ; *McSpedon v. New York*, 7 Bosw., 601 ; *Hodges v. City of Buffalo*, 2 Denio, 110 ;. Dillon on Munic. Corp., §§ 401 and 749 ; *Johnson v. Indianapolis*, 16 Ind., 227. 6. It is the theory of the complaint that the assessment was void and could not be enforced ; hence no claim can be made on the ground of negligence in not enforcing it. Dillon on Munic. Corp., § 402. 7. The city cannot be made

liable on a contract like the one set out in the complaint. Sec. 13, ch. 140, P. & L. Laws of 1872.

LYON, J. It is argued on behalf of the defendant by the learned city attorney, 1. That the power of the common council of the city of Janesville to repair and improve the public streets in that city, is entirely a statutory power; and 2. That if the council enter into a contract unauthorized by the statute to make such repairs or improvement, the city cannot in any case be bound thereby. We might hesitate to concede, to the extent claimed, the correctness of either of these propositions, at least without further investigation; but for the purposes of this case the concession may safely be made.

Waiving, then, all inquiry as to the inherent power of the city council, independently of the city charter, to charge the municipality with the expense of repairing and improving the public streets and ways therein, we come directly to the question, Did the charter of the city of Janesville, in 1870, confer upon the common council the power to enter into the contract with the plaintiff, set out in the complaint?

Section 18 of sub-chapter VI of the city charter (P. & L. Laws of 1866, ch. 474, p. 1150), is as follows: "The common council shall have power to cause any street, highway, lane or alley, or any part of any street, highway, lane or alley in said city, to be graded, worked, graveled, macadamized, paved or repaved, planked or replanked, and repaired, and to cause any sidewalks, crosswalks, drains, sewers or culverts to be made therein, as it shall deem necessary, and the same shall be repaired or relaid as shall be ordered by said common council: *provided*, that no street, highway, lane or alley, or any part thereof, shall be graded, macadamized, paved or repaved, planked or replanked, without a recommendation in writing, signed by a majority of the resident owners of property which is bounded by such street, highway, lane or alley on which said work is

proposed to be done or improvement made, except as herein-after provided, which recommendation shall be entered at length by the clerk upon the record of the proceedings of the common council." The exception in the *proviso* does not af-fect this case.

The power thus granted to the common council to make re-pairs and improvements of streets is full and complete, with only the limitations contained in the proviso. We find no other restrictions on such general power in the charter or amendments thereto, in force in 1870, when the work in ques-tion was done. It is true that the charter contained many provisions prescribing and regulating the proceedings necessary to making the cost of repairs and improvements a charge upon specific lots ; but it contained no provision that the cost should in no event become a city charge. Those portions of the charter are not limitations upon the general power of the coun-cil to order such repairs and improvements. It will be con-ceded that ch. 140, P. & L. Laws of 1872, sec. 13, relieves the city from all liability for the cost of such works; but that act was passed long after the work in question was done, and after the legal rights and liabilities of the parties had become fixed under previous laws. It has no significance, therefore, in this case.

The foregoing views are sustained by many adjudged cases, among which are the following: *Foltz v. The City of Cincinnati*, 2 Handy, 261; *Sleeper v. Bullen*, 6 Kan., 300; *Mather v. Chi-cago*, 38 Ill., 266; *Chicago v. The People*, 48 id., 416; *Louisville v. Hyatt*, 5 B. Monroe, 199 ; *Kearney v. The City of Covington*, 1 Met. (Ky.), 339. This doctrine is also recognized in *Swift v. Williamsburgh*, 24 Barb., 427, cited by the counsel for defend-ant.

It seems to us, therefore, that the common council had power to contract with the plaintiff to do the work in question, un-less prohibited by the limitation contained in the *proviso* in sec. 18 of the city charter.

Allen vs. The City of Janesville.

The work consisted of (1) macadamizing, (2) curbing, (3) paving gutters, (4) excavation, and (5) graveling.    Only the *paving* and *macadamizing* are within the limitation of the proviso, and these items are recommended by the requisite number of resident owners.    It seems to us, therefore, that the common council had the power to make the contract with the plaintiff, on behalf of the city, to make such repairs and improvements.

It is also claimed on behalf of the city, that where the mode of contracting with the city is plainly prescribed *and limited*, that mode must be pursued, or the contract will not bind the city ; and the counsel, in support of this proposition, cites Dillon on Munic. Corp., § 373, where the law is thus stated.    In this case, while, as we have seen, a mode is prescribed for making the contract so that the cost of the work will become a charge upon specific lots, no limitation of the general power of the common council to make such contracts has been disregarded.

It is conceded by both parties, that the proceedings to charge the cost of the work upon specific lots are fatally and incurably defective, and that the cost thereof cannot now be so charged. This being the case, and the common council having had the power to make the contract with the plaintiff to do the work, the conclusion is irresistible, that the city must pay for the work.    The cases above cited are decisive to this effect.

Our conclusion is, that the complaint states facts sufficient to constitute a cause of action. It follows that the order of the circuit court sustaining the demurrer thereto must be reversed.

*By the Court.* — Order reversed.