HALL vs. THE CITY OF CHIPPEWA FALLS.

CITY CHARTER: *Assessments for street improvements.  (1) Steps required to charge adjoining lots.  (2) Liability of city.*

1. A city charter provides that every resolution introduced into the common council for grading and graveling a street at the expense of adjoining lots, shall be referred to a committee, and shall not be adopted within fourteen days after its introduction, nor within ten days after the proceedings relative thereto at the time of its introduction have been published in the official paper; and that when the council determine to make such an improvement, they shall cause to be made and filed with the city clerk certain estimates, before the work is ordered. *Held*, that compliance with each of these requirements is a condition precedent to the liability of adjoining lots for such work.

2. Where work of the kind above described was ordered and contracted to be done at the expense of adjoining lots, without taking the necessary steps to charge the lots: *Held*, that the contractor cannot recover from the city, under a charter which declares that "in no event, when work is ordered to be done at the expense of any lot, shall the city be held responsible on account thereof."

APPEAL from the Circuit Court for *Chippewa* County.

Action for work done by plaintiff under contract with the defendant city, in grading, claying and graveling a street in said city.  The complaint alleges, among other things, that the contract between plaintiff and the city (which is not set out in full) was entered into in August, 1874; and that in November, 1874, certificates of said work were issued to plaintiff, which are set out at length, and recite the making of said contract under authority of ch. 169 of 1873, the approval and acceptance of the work by the mayor, street committee and city surveyor, its value, and the fact that it was chargeable to and a lien upon certain lots in said city.  The complaint then further alleges, that no part of said sum has been paid; that the whole amount thereof, with interest from November 28, 1874, is due plaintiff from said city; and that the certificates are void, and not a lien upon the lots therein, for the following reasons:

(1) Because there has never been any land in said city corresponding to the descriptions in said certificates. (2) Because the resolution providing for the work done by plaintiff was passed on the day of its introduction by an affirmative vote of less than two-thirds of the members of the common council, and before the proceedings of the council relative thereto had been published in the official papers of said city, and were never referred to any committee, and no estimate was made of the expense thereof or of the amount to be assessed on the lots abutting on said street, or of the number of cubic yards to be filled or excavated, etc., prior to the time when said grading was ordered to be done, nor was any such estimate filed with the city clerk. (3) Because "no ordinance, resolution, order, by-law or proceeding was ever passed or adopted, or contract let, made or awarded " for such work " at the expense in whole or in part of the lots or any of them abutting or fronting on said street." (4) Because "none of the laws or ordinances, regulations, resolutions or by-laws " providing for said work was passed by an affirmative vote by a majority of the common council, or signed by the mayor, or duly published. (5) Because no notice of the time or place for receiving bids for such work was ever published in any official paper of said city. It is further alleged that before the commencement of the action payment of the amount was demanded of and refused by the city, plaintiff accompanying such demand with an offer to surrender the certificates; that the common council of said city has persistently refused to have the amounts of said certificates assessed upon the lands described therein, and plaintiff has thus been prevented from collecting the same; and that, until after full performance of the contract on his part, plaintiff had no knowledge of the several failures of duty on the part of the city officers, which rendered the certificates invalid.

A demurrer to the complaint as not stating a cause of action, was overruled, and defendant appealed from the order.

*C. J. Wiltse*, for the appellant, contended, 1. That defend-

ant's charter (Laws of 1873, ch. 169, subch. I, sec. 1) confers upon it in general terms the power to make contracts; that this authorized the city to make all such contracts as were necessary to effect the purposes for which the municipality was created (*Hodges v. Buffalo*, 2 Denio, 112; Dillon on M. C., 2d ed., § 648); and that one of these purposes was to put and keep the streets in a proper condition for travel, as appears by subd. 28, sec. 3, subch. V of the same act, which authorizes the common council " to lay out, make, open, keep in repair . . . any highways, streets, lanes and alleys," etc.   2. That the provision of the charter which declares that, " in no event, where work is ordered to be done at the expense of any lot or parcel of land, shall the city be held responsible," has no application to the issue made on this demurrer, because the complaint expressly negatives the idea that the work in this case was ordered to be done at the expense of any lot or parcel of land abutting or fronting on the street on which such work was done.   3. That the provision just cited is invalid, as an attempt to relieve a particular corporation from its liability under the general rule of law, in consequence of the negligent, fraudulent or otherwise unlawful acts of its officers or agents. *Durkee v. Janesville*, 28 Wis., 464; *Hincks v. Milwaukee*, 46 id., 559.

For the respondent, there was a brief by *Jenkins & Boland*, and oral argument by *Mr. Jenkins.*

COLE, J.   According to the allegations of the complaint, it is very certain that the common council never took the steps prescribed by the city charter, which were essential to make the expense of grading, claying and graveling West street chargeable on the adjoining lots.   The charter provides that every resolution for doing such work at the expense of the lots, on being introduced, shall be referred to some appropriate committee, and shall not be adopted sooner than fourteen days from the introduction thereof, nor until ten days after the pro-.

ceedings of the council relative thereto, at the meeting at which such resolution was introduced, shall have been published in the official paper. Section 1, sub-chap. XI of chap. 169, Laws of 1873. Again, the charter requires that whenever the common council determines to make an improvement of that character, they shall cause to be made an estimate of the whole expense thereof, and the amount to be assessed and charged to each lot, and the number of cubic yards to be filled or excavated in front of each lot; and such estimate must be filed in the office of the city clerk for the inspection of the parties interested, before the work is ordered to be done. Section 9, ch. XI. It was necessary that the common council should comply with these requirements of the charter in order to charge the lots with the expense of the work. This court has often decided that the taking of each step as prescribed was essential, and amounted to a condition precedent to making the lot liable. See *Massing v. Ames, Treasurer, etc.*, 37 Wis., 645, and cases cited in the opinion; also, *Pound v. Supervisors of Chippewa County*, 43 Wis., 63.

The complaint avers and shows that these and other provisions of the charter were not complied with on the part of the common council; and it follows, of course, that the adjoining lots were not chargeable with the work. And because of this failure of the common council to make the lots chargeable, it is insisted that the city is under obligation to pay for it. The difficulty, however, with this position is, that there is a further clause of the charter which declares that whenever any work has been done under a contract of the character of that mentioned in the complaint, the contractor shall be entitled to certain certificates, etc., but that "in no event, where work is ordered to be done at the expense of any lot or parcel of land, shall the city be held responsible for or on account thereof, or for any proceedings for the collection of the pay thereof." Section 12, ch. XI. It is impossible to hold, in the face of this provision, that the city is liable to pay for the improvement

on the facts stated. See *Eilert v. City of Oshkosh*, 14 Wis., 587; *Whalen v. City of La Crosse*, 16 Wis., 270; *Finney v. City of Oshkosh*, 18 Wis., 210; *Fletcher v. City of Oshkosh*, id., 229; *Second Case*, id., 233. The case of *Fletcher v. City of Oshkosh* is a direct authority on the point we are considering. The charter of the city of Oshkosh contains precisely the same provision on this subject as the one in the charter of the defendant city. The holder of a street commissioner's certificate for work done upon the street there sought to charge the city, after a reasonable time had elapsed for collecting the assessment out of the lots, with the payment of the work. Mr. Justice PAINE, in delivering the opinion of the court, says: " We know of no rule of construction, and certainly the counsel cited no case, that could justify a court in thus overriding a plain provision of law. Whoever contracts for this kind of work, or deals in these certificates under such a charter, takes the risk of collecting his money in the manner provided, with a right to resort to the appropriate remedy to compel the officers to whom it is entrusted to discharge their duties; and he cannot come into a court and ask to hold the city liable, in the teeth of a provision which informed him at the outset that the city should in no event be liable."

These remarks are deemed sufficient to dispose of the question as to any general liability of the city to pay for the work. It must be presumed that the plaintiff contracted with the city with full knowledge of this provision in its charter, which exonerated it from all obligation to pay for such improvements. But it is said that the case made by the complaint does not fall within the provision, for the reason that the work was not ordered to be done at the expense of the adjoining lots. But all the allegations, especially the certificates set out in the complaint, negative this position, and show that the common council attempted to charge the adjoining lots with the expense of the work. Indeed, we find no provision in the charter which authorizes the city to make such improvements

except at the expense of lot-owners. Whether the city, in the absence of this provision, would be liable for the work, is a question we need not consider.

In *Allen v. The City of Janesville*, 35 Wis., 403, the city had power under its charter to contract for the improvement of streets at the general expense of the city, and there was no provision exempting it from liability on that ground. In that case it was held liable as a matter of course.

It is objected that the provision exempting the city from liability is invalid, within the doctrine laid down in *Durkee v. The City of Janesville*, 28 Wis., 464, and *Hincks v. The City of Milwaukee*, 46 Wis., 559. But the principle and reason of these decisions have no application to the case at bar; for all persons contracting with the city to make these improvements are chargeable with knowledge of its exemption from liability to pay under its charter. Besides, the provision is a very common one in the charters of the cities of this state. In whatever view, therefore, we regard the case, we are constrained to hold that the complaint states no cause of action.

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for further proceedings.