Drummond vs. The City of Eau Claire.

DRUMMOND, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*February 5 — February 24, 1891.*

CITY OF EAU CLAIRE: *Ordinances for grading streets: Liability for injuries by illegal grading.*

Under the provisions of sec. 10, ch. 6, of the charter of Eau Claire (ch. 16, Laws of 1872), the costs and expenses of grading, etc., streets is chargeable wholly or in part to the lots abutting thereon, and the proceedings in relation thereto must comply with the provisions of that chapter. An ordinance for the establishment of a new grade, and the filling and regrading of a street, which does not comply therewith, and does not make the expenses of such filling and regrading chargeable, wholly or in part, upon abutting lots, is void, and the city will be liable for injuries caused by its action under such ordinance. The provisions of sec. 3, ch. 4, of the charter, giving the common council general power in respect to street improvements, cannot conflict with or supersede those special provisions relative to grading streets.

APPEAL from the Circuit Court for *Eau Claire* County. The case fully appears in the opinion.

*V. W. James,* for the appellant, contended, among other things, that if the ordinance of March 7, 1889, was void because passed on the same day it was introduced, it became valid by an amendment passed after the section of the charter requiring an interval of fourteen days had been repealed. The charter does not absolutely require the grading to be done at the expense of abutting lots, but subd. 7, sec. 3, ch. 4, of both the charter of 1872, and that of 1889, authorizes the common council to provide for grading, etc., streets, without imposing any conditions or restrictions. This view is sustained by *Allen v. Janesville,* 35 Wis. 403; and *Hall v. Chippewa Falls,* 47 id. 267, is entirely consistent with it. The provisions of the charter relative to charging the expense of grading streets to abutting lands must therefore be construed as permissive only. The power

to change the grade of streets, given by the charter, is also absolute.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*. To the point that a law conferring authority upon a city to destroy private property must be strictly followed, otherwise the city will be liable in damages, they cited *Kneeland v. Milwaukee*, 18 Wis. 411; *Veeder v. Lima*, 19 id. 291; *Dore v. Milwaukee*, 42 id. 108; *Addy v. Janesville*, 70 id. 401, and cases cited by the court. The ordinance of March 7 was void. *In re Douglass*, 46 N. Y. 42; 1 Dillon, Mun. Corp. sec. 309; *Myrick v. La Crosse*, 17 Wis. 442. And it neither was nor could be ratified or made valid by the slight amendment of June 13, 1889. *Hydes v. Joyes*, 4 Bush. 464; *Mayor & C. C. of Baltimore v. Porter*, 18 Md. 284.

ORTON, J.   The plaintiff is the owner of the west forty-four feet of lots 1 and 2, in block 2, of Chapman & Thorp's second addition to the city of Eau Claire, which abuts to the north on Bridge street, and to the west on Second avenue, with a brick block therein, which fronts on each of said streets. The grade of these streets had been for a long time lawfully established prior to 1880, and during said year was again established at the same height, and said building was constructed with reference thereto. In 1886 the same grade was lawfully re-established.

On the 6th day of March, 1889, the city, by an ordinance of the common council, introduced for the first time on that day, which was approved by the mayor on the next day, and published on the 9th day of April thereafter, attempted to establish the grade of all streets throughout the city about four feet and seven inches above the grade theretofore existing and established. On the 13th day of June, 1889, by an ordinance introduced on that day, the former ordinance was amended by changing the figures so as to

make the grade five feet and nine inches above the old grade, in front of said premises. The amendment consisted in striking out the former figures and inserting the new ones in the former ordinance.

During the summer and fall of 1889 the city, by its officers, agents, and employees, and under the direction of the street surveyor, filled up the said streets adjoining said premises five feet and nine inches above the old grade established in 1886, the effect of which was to make the floor of said building about five feet below the level of said streets, and cause the plaintiff to raise said building, and fill up the lot, so as to conform them to said grade, and to greatly damage said property. The said work was not done under any contract with the city or common council; was not ordered to be done by an affirmative vote of two-thirds of the members of the council; was not directed to be done by any valid order of the council; and it was never determined what portion of the cost or expense of said grading should be charged to said premises, and no portion thereof has been so charged thereto. There was no estimate of the expense of such grading, or the amount thereof to be charged to each or any lot or parcel of land adjoining said streets, or of the number of cubic yards to be filled in front of each or any lot, and no such estimates were ever made or filed with the city clerk. All these things are required to be done when any part of the expenses of any work is chargeable to the adjacent lots; and they were not done; and the ordinance must be referred to a committee, and lay over fourteen days before its passage. These are the defects complained of as the grounds of the city's liability to the plaintiff. The plaintiff has been damaged by such grading in the sum of $1,500, and the claim therefor was duly filed with the city clerk for the action of the common council, and was by them disallowed. The plaintiff appealed from such disallowance to the circuit court, and by

stipulation an issue was to be formed by regular pleadings, and the above facts are substantially stated in the complaint. The appeal is from the order overruling the demurrer to the complaint.

The demurrer was properly overruled. The complaint states a case of unquestionable liability of the city. The ordinance by which this grading was ordered and done is void for want of compliance with the city charter. In *Hall v. Chippewa Falls*, 47 Wis. 267, similar defective proceedings under a charter substantially like that of the city of Eau Claire were held void.

The case hinges upon the question whether the expenses of grading the streets of said city are chargeable to and payable wholly or in part by the lots fronting on such streets. If they are, the proceedings are fatally defective in the particulars above pointed out in the complaint. Of this there can be no question. The provisions of the charter on this subject appear to be very plain. Sec. 10, ch. 6, of the charter (ch. 16, P. & L. Laws of 1872), provides that "the cost and expenses of surveying streets, alleys, sewers, and gutters, and of estimating work thereon in the execution of any public improvement, *shall be chargeable to and payable by the city.* The costs and expenses of opening, *grading,* graveling, planking, paving, or repairing of streets and alleys *shall be chargeable to, and payable wholly or in part by, the lots or land fronting on such street or alley,* so that each lot or parcel of land shall pay for work between the front of each lot or parcel of land and the center of such street or alley such portion thereof as the common council shall determine." This is as plain as language can make it. No proper steps were taken to make the expenses of this grading chargeable to the lots wholly or in part. In such a case everything which is stated above as having been omitted is required to be done to make the grading lawful. But the learned counsel of the appellant contends that

there is another provision of the charter, which leaves this whole matter of grading streets to the judgment and discretion of the common council. It is found among the general powers of the council, enumerated in subch. 4, sec. 3, and is in the sixth subdivision thereof; prefacing it with the granting clause: "Shall have authority, by ordinances, resolutions, or by-laws — to provide for the making, *grading*, improving, and repairing of the streets of the city of Eau Claire, and to make such other necessary improvements as shall be deemed necessary and proper," etc. If this mere grant of power to provide for grading streets is to prevail over the above provisions relating to the manner in which it shall be done, so as to render them nugatory, then it was not worth while to have filled out this charter with the forty pages of special provisions relating to the manner in which these enumerated powers are to be carried into effect. If, notwithstanding all these carefully guarded provisions, these general powers leave everything to the discretion of the council, then there is an expensive waste of special legislation on the same subjects. If powers conferred by the constitution cannot carry themselves into effect without the aid of legislation, it is difficult to see how these general powers can be effectual without subsequent provisions as to the manner, means, and conditions of their execution. But it is needless to argue the question. These general powers cannot conflict with these subsequent provisions as to how they shall be executed or carried out. The charter of Chippewa Falls contained a provision much broader than this as to the unlimited power of grading streets, which is followed by the same provision as to charging the expenses thereof to the adjoining lots. Sec. 2, subch. 11, ch. 169, Laws of 1873, provides that "the common council of the city of Chippewa Falls shall have power to establish *the grade* of the streets of said city, and to change and re-establish such grade, *as they shall deem ex-*

*pedient.*" The above case is therefore authority on this question also. The complaint states the several defects in the proceedings, and they are the same as in the above case, except, perhaps, one defect is here present that was not in that case. It is useless to repeat that decision.

It seems that the charter of the city was revised and consolidated by chapter 184, Laws of 1889, and that the said amendment of the ordinance by which one foot and two inches were added to the height of the grade was passed after that act took effect. It is immaterial, except as to the necessity of doing one of the things required by the old charter which may have been left out; but all of the material provisions are in both alike. But the amendment was not a new ordinance. It was a slight amendment in figures of the old one. The amendment was as void as the ordinance. Neither the original ordinance nor the amendment complies with the provisions of the charter. It is needless to cite other cases in this court or elsewhere. *Hall v. Chippewa Falls, supra,* rules this case in all essential particulars. The ordinance is void, and the grading was without authority, and unlawful, and, it having been done by the city, the city is liable to the plaintiff for such damages as he has suffered which were caused by it. *Meinzer v. Racine,* 70 Wis. 561; *Addy v. Janesville,* 70 Wis. 401; *Gilman v. Milwaukee,* 61 Wis. 588; and other cases cited in the respondent's brief.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.