DRUMMOND, Appellant, vs. THE CITY OF EAU CLAIRE, Respondent.

*May 25 — June 21, 1893.*

*Municipal corporations: Unlawful change of grade of street: Sufficiency of claim: Measure of damages.*

1. A claim filed against a city was simply "For damage caused by change of grade, $1,500." The common council disallowed it without regard to its informality. Upon appeal, a stipulation for formal pleadings recited such filing, disallowance, etc., and stated that plaintiff claimed damages for changing the grade of a certain street in front of his premises. The complaint filed pursuant to such stipulation was for damages by reason of an *unlawful* change of said grade, and an order overruling a demurrer thereto was affirmed by the supreme court. *Held*, that a subsequent judgment against the plaintiff could not be sustained on the ground that the claim filed was based on a *lawful* change of grade and hence was insufficient to sustain the action. *Smith v. Eau Claire*, 83 Wis. 455, distinguished.

2. For an unlawful change in the grade of a street a city is liable to the owner of abutting property for all damage directly and proximately caused thereby, without reference to any resulting benefit.

APPEAL from the Circuit Court for *Eau Claire* County.

On March 19, 1890, the plaintiff filed with the city clerk of the defendant, for the action of its common council thereon, his claim for damages caused by the change of grade in front of his premises, in the sum of $1,500. Said claim was by the common council referred to its judiciary committee, April 2, 1890, and on the same day said committee reported said claim back to said council with the recommendation that the same be disallowed. On the same day the common council took final action on said claim, and disallowed the same and each and every part thereof. On April 18, 1890, the plaintiff duly appealed therefrom to the circuit court for Eau Claire county. While the cause was so pending in said circuit court, the parties thereto stipu-

Drummond vs. The City of Eau Claire.

lated and agreed in writing that an issue be formed by the plaintiff serving and filing his complaint therein within twenty days, and by the defendant serving and filing its answer or demurrer thereto within twenty days thereafter.

Within the time named the plaintiff filed and served his complaint, setting out, in effect, his ownership of the premises described, which fronted north on Bridge street and west on Second avenue in said city; that during 1880 the said city, by its common council, by ordinance duly approved and published, duly established the grade on said streets, and which had for a long time previously been duly established as such grade; that the plaintiff's buildings were erected with reference to such grade so established; that in March, 1886, by proper proceedings, said grade was re-established on said Bridge street and said Second avenue, in front of the plaintiff's said premises, in accordance with the grade theretofore existing and established; that in March, April, and June, 1889, the said city attempted to change the grade so previously established in front of the plaintiff's said premises, and the complaint states the several particulars wherein it failed to comply with the charter of said city; that during the fall of 1889 the defendant filled up and graded said street, in front of and adjoining the plaintiff's premises, to a height of about five feet and nine inches above the former level of said street as theretofore established in 1880 and re-established in 1886, but which filling was without authority in the charter; that the effect of the raising of said grade had been to make the floor of said buildings about five feet below the said street, and thereby greatly damage and injure the plaintiff and lessen the value of his property; that the plaintiff was thereby obliged to incur large expense in raising his buildings and filling up his land and the basement of his buildings, so as to make said premises conform to such new and unauthorized grade, and that the plaintiff had thereby been

damaged in the sum of $1,500; that the claim therefor had been presented, filed, and disallowed by the common council, as mentioned, and the plaintiff appealed therefrom, as mentioned, wherefore he demanded judgment for the amount of said claim with interest.

A demurrer to that complaint on the ground that it did not state a cause of action was overruled by the trial court, and the order overruling the same was affirmed by this court. 79 Wis. 97. Upon said cause being remanded to the circuit court the defendant answered, by way of admissions and denials, and alleged that the plaintiff did not file his claim or any claim for the cause of action or injury set forth in the complaint, and denied that the claim so filed and disallowed was for the cause of action or injury set forth in the complaint, and attempted to justify such change of grade in the months of March, April, and June, 1889.

At the close of the trial of the issue so formed by said answer the jury returned a verdict in favor of the defendant and against the plaintiff. From the judgment entered thereon the plaintiff appeals.

For the appellant there were briefs by *Wickham & Farr*, and oral argument by *James Wickham*. They argued, among other things, that the court erred in charging the jury that they should allow as an offset to plaintiff's damages such amount as they should find that his property had been benefited by the change of the street in common with other property in the neighborhood. 6 Am. & Eng. Ency. of Law, 581; Lewis, Em. Dom. sec. 471; *Washburn v. M. & L. W. R. Co.* 59 Wis. 364; *Robbins v. M. & H. R. Co.* 6 id. 636; Elliott, Roads & S. 191, 192; Sutherland, Dam. secs. 157, 1018; *Lahr v. M. E. R. Co.* 104 N. Y. 268–295; *Baltimore v. St. Agnes Hospital,* 48 Md. 419; *Davis v. E. T. R. Co.* 87 Ga. 605; *Baltimore & P. R. Co. v. First Baptist Church,* 108 U. S. 317; *Marcy v. Fries,* 18 Kan. 353; *Francis v. Schoelkopf,* 53 N. Y. 152; *Gerrish v. New Market*

*Mfg. Co.* 30 N. H. 478; *Ward v. Atlanta*, 78 Ga. 276; *Kiernan v. Heaton*, 69 Iowa, 136; *Whitney v. Brunette*, 15 Wis. 61; *Hopkins v. Langton*, 30 id. 379; *Freeland v. Muscatine*, 9 Iowa, 461; *Walters v. Chamberlin*, 65 Mich. 333; *Huebschmann v. McHenry*, 29 Wis. 655; *Graessle v. Carpenter*, 70 Iowa, 166; *Brown v. Beatty*, 34 Miss. 227.

*L. A. Doolittle*, for the respondent, contended, *inter alia*, that the rule of damages was the depreciation in the value of the property caused by the change of grade, and that the general benefits conferred upon the plaintiff's premises in common with other property affected by the grade ought to be offset against the direct damages. *Stowell v. Milwaukee*, 31 Wis. 523; *Church v. Milwaukee*, id. 512; *S. C.* 34 id. 66; *Stadler v. Milwaukee*, id. 98; *Tyson v. Milwaukee*, 50 id. 78; *Murphy v. Fond du Lac*, 23 id. 365; *Crossett v. Janesville*, 28 id. 420. The true measure of damages for any permanent injury to the soil, where property is not taken but merely damaged, is the difference between the value of the land immediately before the injury and its value immediately after. *Springer v. Chicago*, 135 Ill. 552; *Chambers v. South Chester*, 140 Pa. St. 510; Field, Dam. sec. 744; 3 Sutherland, Dam. 372–3; *Luther v. Winnisimmet Co.* 9 Cush. 171; *Fort Worth & D. C. R. Co. v. Hogsett*, 67 Tex. 685; *Owens v. M. P. R. Co.* id. 679. See, also, *McGuire v. Grant*, 25 N. J. Law, 356; *Chase v. N. Y. C. R. Co.* 24 Barb. 273; *Schuylkill Nav. Co. v. Farr*, 4 Watts & S. 362; *Harvey v. Sides Mining Co.* 1 Nev. 539; *Talcott v. Crippen*, 52 Mich. 633; *Topeka v. Martineau*, 42 Kan. 387; Eggleston, Dam. secs. 160, 165; *Brower v. Merrill*, 3 Pin. 46.

CASSODAY, J. 1. The defendant seeks to justify the judgment on the ground that the claim filed by the plaintiff with the city clerk for the action of the common council was for damages by reason of the lawful change of grade in front of the plaintiff's premises, whereas the complaint

based upon such claim, served and filed after the cause was appealed to the circuit court, is for damages by reason of the unlawful change of such grade; and in support of his contention he relies upon *Smith v. Eau Claire,* 83 Wis. 455. In that case the claim filed stated the facts in detail, and clearly showed that the damage claimed was for a lawful change of grade; and it was merely held that the plaintiff could not, on appeal, change his cause of action by claiming damage for an unlawful change of grade. In the case at bar the claim filed was general, being simply, "For damage caused by change of grade, $1,500." It did not even describe the plaintiff's premises. But it does not appear that the plaintiff had any other premises to be affected by such change of grade, and the common council acted upon it and disallowed it without regard to its informality; and then, in the stipulation between the parties for formal pleadings, such filing, disallowance, and appeal are recited, and it is therein stated that the plaintiff claims "damages of said city for changing the grade of Bridge street, a certain highway of said city, in front of the premises of said plaintiff," therein described. The complaint filed and served in pursuance of that stipulation was expressly based upon that claim, and the sufficiency of that complaint was sustained on demurrer by the trial court, and the order sustaining the same was affirmed by this court. 79 Wis. 97. Such being the state of the record, we cannot hold that the complaint fails to state a cause of action, nor that the claim filed was insufficient to sustain the action.

2. It seems to be conceded that the attempt to re-establish the grade of the street in question was abortive, and that the raising of the same several feet in front of the plaintiff's premises was without any lawful authority. This being so, it is manifest that the plaintiff is entitled to recover any damages sustained by reason of such trespass upon,

and injury to, his premises.   *Crossett v. Janesville*, 28 Wis.
420; *Hamilton v. Fond du Lac*, 40 Wis. 47; *Dore v. Mil-
waukee*, 42 Wis. 108; *Meinzer v. Racine*, 68 Wis. 241; *S. C.*
70 Wis. 561; *S. C.* 74 Wis. 166; *Addy v. Janesville*, 70 Wis.
401; *Drummond v. Eau Claire*, 79 Wis. 97.   The important
question for determination is the measure of such damages.
In *Crossett v. Janesville*, 28 Wis. 420, the trial court charged
the jury that the plaintiff was entitled to recover " for all
the direct and proximate damages to her premises, caused
by the grading in question," and " that the measure of the
plaintiff's damages was the actual depreciation in the value
of her lots by reason of the grading having been done at
the time and in the manner it was done."   The correctness
of the charge, however, was not challenged upon such
ground, but was assumed by this court.   The same is true
with respect to *Meinzer v. Racine, supra*, where the charge
was substantially the same.   In *Addy v. Janesville*, 70 Wis.
401, it was held, in effect, that, " where a city, by *unlaw-
fully* raising a street above the established grade, causes
surface water to flow or accumulate upon an abutting
lot, it is liable to the lot-owner for the injury occasioned
thereby;" that under a complaint alleging such *unlawful*
raising of the street it was competent to prove the " insuf-
ficiency of a culvert by which such water might have been
conducted away" from the plaintiff's lots.   It was there
contended that the city was not liable for such consequen-
tial damages from mere surface water by reason of such
change of grade, and numerous cases in this court were
cited in support of such contention.   In answer to such
contention, COLE, C. J., speaking for the court, there said:
" These cases are inapplicable to the present, for the ob-
vious reason that here the common council had no author-
ity to change the grade without taking the steps prescribed
by the charter to give them power so to do."   The trial
court in that case charged the jury " that the city had

shown no authority whatever for raising the grade, and if such raising of the grade, without sufficient culverts or gutters to carry off the waters as rapidly as they were carried off before, produced injury to the plaintiff, the raising was, as to her, *unlawful;* and if done by the city, or if the city ratified the raising of the grade after it was done by paying for the work, the city was liable to her for *all damages which naturally resulted from the raising of the grade,* with its insufficient gutters or culverts to conduct the waters as rapidly as they flowed off before the grade was raised." An exception to this portion of the charge was there overruled. That case was cited approvingly by Mr. Justice ORTON when the case at bar was here on the former appeal; and he there said, in effect, that as the grading was done without authority and unlawfully the city was "liable to the plaintiff for such damages as he had suffered, which were caused by it." 79 Wis. 102.

Such are the adjudications of this court in respect to the measure of damages in cases where the regrade was done without authority of law. On the other hand, this court has, in effect, frequently held that where a change of grade in a street is made under authority of law and with due care, the municipality is not liable for *consequential* injury to abutting lots, unless made so by statute or the constitution. *Smith v. Eau Claire,* 78 Wis. 457; *Wallich v. Manitowoc,* 57 Wis. 9; *Harrison v. Milwaukee Co.* 51 Wis. 662–665; *Tyson v. Milwaukee,* 50 Wis. 78; *French v. Milwaukee,* 49 Wis. 584; *Stadler v. Milwaukee,* 34 Wis. 98; *Stowell v. Milwaukee,* 31 Wis. 523; *Church v. Milwaukee,* 31 Wis. 512. In the case at bar the trial court in charging the jury apparently followed the rule of law laid down in the case last cited. The provision of the city charter upon which that case was based was to the effect that all damages, costs, and charges arising from a change in the grade of the streets therein should be paid by the city to the owner of

any lot injured thereby; and it was "held that while any *peculiar* or *special* benefit conferred upon the plaintiff's lot, not common to other lots in the neighborhood, and not increasing its market value, could not be considered by the jury in fixing the damages, yet if such lot, in consequence of the changed grade, was appreciated in value in common with the other property in that locality, the city was entitled to have such increase of value deducted in the estimation of damages." The rule of law stated in that case and in *Stowell v. Milwaukee*, 31 Wis. 523, as explained in *Tyson v. Milwaukee*, 50 Wis. 85–89, is only applicable where such regrade is under lawful authority; but has no application to a case like the one at bar, where the regrade is confessedly without any lawful authority. Hence, it was error for the trial court to follow that rule in the case at bar. It would be anomalous to hold that one may enter upon and injure the land of another, without any lawful authority, as a mere trespasser, and then defeat an action therefor on the ground that such unlawful acts were beneficial to the land or its owner. It is well settled that one who makes such wrongful entry upon land, and erects fixtures thereon, thereby loses title to the fixtures. *Huebschmann v. McHenry*, 29 Wis. 655; *Kimball v. Adams*, 52 Wis. 554. The plea of good faith by such trespasser is not even available in equity, as against the rightful and equitable owner of the land. *Honzik v. Delaglise*, 65 Wis. 501, and cases there cited. Such trespasser is, in all cases, liable *to actual damages;* and, although he may have *benefited* the land, still he would be liable at least for nominal damages. *Murphy v. Fond du Lac*, 23 Wis. 365; 3 Sedg. Dam. § 923. The measure of damages, in such case, is the amount of injury directly resulting from the unlawful acts committed. *Ibid.* In trespass *quare clausum* the plaintiff may be entitled to consequential damages. 3 Sedg. Dam. § 927. But it is unnecessary to continue the discussion, since the rule sanc-

tioned by this court in the cases of *Crossett v. Janesville* and *Addy v. Janesville*, cited, where such regrading was without authority of law, seems to be substantially correct.

For the errors in the charge, referred to, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.