Zwietusch vs. The City of Milwaukee.

ZWIETUSCH vs. THE CITY OF MILWAUKEE.

*September 1 — September 19, 1882.*

| 55 | 369 |
|----|-----|
| 101 | 210 |
| 55. | 369 |
| 115 | ¹249 |

MUNICIPAL CORPORATION: *Liability for falsification of records to person relying thereon: Fraud.*

1. Where the charter of a city provides that in no event shall the city be held responsible for the payment for certain work, the fact that its official records falsely show a valid assessment upon the lots to be benefited and that all conditions precedent to a valid letting of the contract for the work have been complied with, will not, in the absence of fraud on the part of its officers with respect to such records, render the city liable in an action by a contractor who has performed such work on the faith of the records, and who, by reason of the invalidity of the assessment, has failed to collect the amount of certificates issued to him in payment for the work, and has incurred expenses in good faith, in the effort to enforce such collection.

[2. Whether, if it appeared in such an action that its officers had knowingly, and with intent to deceive and defraud, falsified the records, the city would be liable, not determined.]

APPEAL from the Circuit Court for *Milwaukee* County. Appeal from an order sustaining a demurrer to the complaint. The complaint alleges that in 1871 the common

council of the defendant city, on proper petition, ordered the board of public works to cause a certain alley in said city to be graded to the established grade, and that (quoting from the complaint), "in pursuance thereof, and the charter of said defendant city, on the 10th day of July, the first assistant engineer of the city duly made a schedule of the lots and parts of lots fronting on said alley, and an estimate of the quantity and cost of such work necessary to be done to grade said alley to the established grade; that afterwards, on the 20th day of July, 1871, the board of public works pretended to make an assessment, in due form of law, of the benefits which said lots would derive from the grading of such alley to said established grade, in accordance with the said estimate of the said engineer, and thereupon gave notice in due and proper form to the owners and agents that such an assessment had been made and was ready for inspection, and requiring them to do the work mentioned in such notice within a reasonable time therein specified."

It is further alleged that such owners having failed to do the work within the time specified, the city contracted with the plaintiff to do such grading at a stipulated price; that the same was done by him pursuant to such contract; and that thereupon the board of public works issued to the plaintiff the usual grading certificates, pursuant to the city charter, showing the lots upon which the same was chargeable and the amount chargeable to each. The contract is inserted in full in the complaint. It contains stipulations that such certificates shall be "in full payment and satisfaction for the said work, and in full discharge of the said city of Milwaukee from all liability on this contract." Also, that the plaintiff shall have no claim upon the city for any compensation or payment for his work, except in such certificates.

The complaint then alleges that a certificate so issued to him against lot 8, in block 160, abutting such alley, for the amount of $428.40,— the assessment remaining unpaid,—

was assessed upon that lot in the annual tax list of 1871, and the lot was sold by the city treasurer January 29, 1872, for non-payment of the assessment, and was bid in by the city; that thereupon the plaintiff surrendered his grading certificate, paid another assessment of about $30 upon the lot, and received from the city, in good faith, an assignment of the tax-sale certificate; that the certificate being unredeemed, a tax deed thereon of said lot 8 was issued to him June 29th, and was duly recorded June 30, 1877, under which the plaintiff took possession of such lot; that in October, 1878, one Watkins, claiming title under the original owner of lot 8, brought an action against this plaintiff to recover possession thereof, in which action the tax deed of this plaintiff was adjudged null and void, and Watkins recovered the lot. The judgment was affirmed by this court November 6, 1879. 47 Wis., 513. The report of the case is made a portion of the complaint by reference.

The specific grounds of action are thus stated in the complaint: "That prior to the letting of said contract the defendant had caused all and singular the proceedings aforesaid and steps preliminary to said work to be entered upon its official records, and to be duly authenticated; and that, relying thereupon, said contract on part of this plaintiff was entered into in good faith and in the full belief that the proceedings of said city and its various officers in that behalf, as above particularly enumerated, and then and there appearing upon its official records and minutes of proceedings, were in truth and in fact duly had and taken, and that all conditions precedent to the letting and doing of said work under contract with said city had been fully complied with, according to the provisions of the city charter in such cases made and provided; and that said city then and there pretended and represented to be fully authorized and empowered to enter into the contract aforesaid, with all its resulting benefits and advantages;" that relying thereupon the plaintiff fully

performed the contract on his part; and further, that, on the trial of Watkins' case, "it was made to appear, by evidence then and there adduced, and this plaintiff then first discovered and ascertained (as he now charges the fact to be), that the various steps and conditions precedent to a valid and subsisting contract with this plaintiff, in manner and form aforesaid, had never been taken and complied with on part of said city defendant; that its official records and proceedings in that behalf were a falsification; that the board of public works had, in point of fact, not considered, in making their assessment, the amount of benefits which, in their opinion, would actually accrue to the adjoining owners in consequence of such property improvement, but based their assessment upon an arbitrary and unlawful estimate of probable cost, and that by reason thereof the acts of the city were illegal, and said defendant wanting the authority and power to contract as aforesaid."

For the value of labor and materials performed and furnished, and for loss of profits under the contract, for the $30 paid to obtain the tax-sale certificate, and for the costs and expenses of the litigation with Watkins, the plaintiff claims judgment for $1,500. The claim was duly presented to the common council and payment thereof refused before the action was commenced. Two grounds of demurrer are assigned: (1) That the complaint fails to state a cause of action; and (2) that the action is barred by the statutes of limitation — referring to R. S., secs. 4222, 1185, and ch. 144, Laws of 1874. The grounds upon which the circuit court sustained the demurrer do not appear in the record.

For the appellant there were briefs by *Cotzhausen, Sylvester, Scheiber & Jones*, and oral argument by *Mr. Cotzhausen*. They argued, among other things, that this action does not come within the rules laid down in *Finney v. Oshkosh*, 18 Wis., 209; *Hall v. Chippewa Falls*, 47 id., 270; and *Lovell v. City of St. Paul*, 10 Minn., 290. It sounds in tort. The plaint-

iff was led into making the contract by the falsification of the public records, and that falsification, owing to the mistake, concealment and constructive fraud on the part of the officers of the city, constitutes the basis of the action. It may be conceded that, as a general rule, " one will not be allowed to maintain a suit against a municipal corporation upon its unauthorized action, notwithstanding he may have complied with the undertaking on his part; " and that " where a party is induced to enter upon work for a corporation by the false representations of corporate officers, in regard to the existence of facts on which by law the power of the corporation to enter upon the work depends, these false representations cannot have the effect to give a power, which in the particular case was wanting, or to validate a contract otherwise void." Cooley's Con. Lim., 196; *Swift v. Williamsburg*, 24 Barb., 427; 1 Dillon on Munic. Corp., 480–482; 1 Met. (Ky.), 339; 38 Ill., 273. But in all the cases holding that doctrine the want of authority was apparent upon the face of the record, and stress is laid upon the fact that the contracting party must take notice of any want of authority which the public record would show.

*P. J. Somers*, City Attorney, for the respondent, cited ch. 401, P. & L. Laws of 1869; ch. 401, P. & L. Laws of 1870; sec. 10, subch. 7, ch. 56, Laws of 1852; *Weeks v. Milwaukee*, 10 Wis., 242; *Owens v. Milwaukee*, 47 id., 461; *Hall v. Chippewa Falls*, id., 267; *Eilert v. Oshkosh*, 14 id., 586; *Fletcher v. Oshkosh*, 18 id., 232; *Finney v. Oshkosh*, id., 209; *Smith v. Milwaukee*, id., 63. If the plaintiff intended this as a special action on the case, the complaint is defective. There are no facts stated sufficient to charge any fraud upon the part of the city. There is no allegation that the plaintiff could not have full knowledge of all the steps taken previous to his execution of the contract. It is shown that the board of public works proceeded upon an erroneous construction of the law in making the assessment of benefits, but there is no

allegation that they thus proceeded with any design to deceive.    21 Wis., 130; Kerr on Fr. & M., 366.

LYON, J.    The action is essentially one to recover of the city of Milwaukee the expense of grading the alley in front of lot eight, together with the expenditures incident to the plaintiff's efforts to enforce payment of the amount of his grading certificate.    The charter of the city then in force made the cost of grading the alley chargeable to the lots benefited thereby, and provided that "in no event where work is ordered to be done at the expense of any lot or parcel of land, shall either the city or any ward be held responsible for the payment thereof."    Laws of 1852, ch. 56, subch. 7, sec. 10, p. 94.    This provision was so modified by Laws of 1869, ch. 401, as amended by Laws of 1870, ch. 401, that in a certain contingency (not material here) a portion of the cost might become chargeable to the proper ward fund.    This immunity of the city from liability for the grading of the alley existed when the contract set out in the answer was made.    Indeed, the provisions of the charter in that behalf were substantially inserted in the contract itself.

The case made in the complaint is that the plaintiff entered into the contract, did the grading, and took the tax deed on the faith of the city records, which showed a legal assessment of benefits against lot eight; whereas, in truth and in fact, the assessment was invalid because it was made upon an estimate of the cost of grading the alley, and not upon an estimate of the actual benefit accruing to the lot in consequence of the improvement.

We think there is no sufficient averment in the complaint of fraud by any city officer in respect to the entries in the city records.    It was said in *Johnson v. Milwaukee*, 40 Wis., 315, in respect to an assessment based, like this, on cost instead of benefits, that the board of public works presumably acted upon a misconstruction of the statute.    There is no

averment that the board intentionally violated the law, or intended to defraud or wrong any one. The fair presumption is that it intended to comply with the requirements of the charter in that behalf, but failed to do so. At most it was an innocent mistake of law; and, manifestly, no inference of intentional fraud can properly be predicated upon such a mistake. Finding no charge of fraud in the complaint, we are relieved from determining whether the city would be liable in this action did it appear that the board of public works knowingly, and with intent to deceive and defraud the plaintiff or others, falsified the record of its proceedings. The question is, therefore, whether, under the provision of the charter above quoted the city can be held liable in this action, taking the averments of the complaint as true. The language of the provision is very broad and comprehensive. It is that *in no event* shall the city be held responsible for the work. There is no qualification or exception to this sweeping immunity from liability. Yet the construction of the provision contended for by the learned counsel for the plaintiff would make an exception against the city in a case where its officers had by mistake made an erroneous record. It seems to us that this construction would be an unauthorized interpolation of a qualification in the charter which the legislature never intended to enact. We think, rather, that the object of the statute was to place the risk of such a mistake upon the holder of the grading certificate, and to relieve the city therefrom. In no other way can full effect be given to the language of the provision.

In *Allen v. Janesville*, 35 Wis., 403, the common council had unlimited power to improve the streets, and the city charter contained no provision that in no event should the cost of such an improvement be chargeable to the city. The city ordered such an improvement, but failed to take proper proceedings to charge the cost thereof upon lots. The city

was held liable for such cost. It was taken as granted in that case that had the charter contained the provision relieving the city from liability therefor, the city could not have been held liable.

We conclude that the complaint fails to state a cause of action, and that the demurrer thereto was properly sustained on that ground. It becomes unnecessary to pass upon the other ground of demurrer assigned, to wit, the statute of limitations.

*By the Court.*— Order affirmed.