HELLER, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*April 7 — April 30, 1897.*

*Special assessments: Milwaukee city charter: Liability of city to refund money paid for void certificates of sale: Construction of statutes.*

1.  Under the charter of the city of Milwaukee (sec. 21, subch. V, ch. 184, Laws of 1874), providing that persons entering into contracts with the city who agree to be paid from special assessments shall have

Heller vs. The City of Milwaukee.

no claim upon the city in any event except from the collection of the special assessments made for the work contracted for, no action will lie against the city to recover the amount paid for a void certificate of the sale of land for the nonpayment of such an assessment.

2. The purchaser of a void certificate of the sale of land by a city for the nonpayment of assessments for local improvements is not entitled to have his money refunded by virtue of sec. 1184, R. S. (providing for the refunding of money paid for invalid tax certificates), that section being applicable only to lands sold for the nonpayment of general taxes; nor is such right secured by sec. 4986, making the Revised Statutes apply to cities whenever applicable and not inconsistent with their charter, nor by sec. 1186, S. & B. Ann. Stats., providing for reassessment for money refunded on illegal tax deeds.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *C. H. Hamilton,* city attorney, and *Ernest Bruncken,* assistant city attorney, and oral argument by *Mr. Bruncken.* They contended, *inter alia,* that the rule " *caveat emptor* " applies to the purchase of a tax certificate at a tax sale. The selling power does not warrant the validity of the title conferred by the sale. The purchaser merely volunteers to pay the tax, expecting to profit by the high rate of interest the law allows him to exact from the owner of the land upon redemption. The things on which the validity of the tax and consequently the value of the certificate depend are matters of record, which the purchaser has as good opportunity to know as the selling officer himself. There is no injustice in requiring a purchaser to search the records if he would be sure he is getting his money's worth. *Harlan v. Jones,* 104 Ind. 167; *Emerson v. Washington Co.* 9 Me. 88; *Lynde v. Melrose,* 10 Allen, 49; *Indianapolis v. Langsdale,* 29 Ind. 486; *Loomis v. Los Angeles Co.* 59 Cal. 456; *Wilmerton v. Phillips,* 103 Ill. 78; Cooley, Taxation, 475; 2 Blackwell, Tax Titles, § 1007; *American Inv. Co. v. Beadle Co.* 5 S. Dak. 410, and cases cited.

*Frank B. Van Valkenburgh,* for the respondent, to the point that the payment was made under a mistake of fact which entitled the purchaser to recover back his money, cited *Hurd v. Hall,* 12 Wis. 125; *Lawton v. Howe,* 14 id. 241; *Paul v. Kenosha,* 22 id. 266; *N. W. U. P. Co. v. Shaw,* 37 id. 655; *Stocks v. Sheboygan,* 42 id. 315; *Birkhauser v. Schmitt,* 45 id. 316; *Jackson v. Jacksonport,* 56 id. 310; *Marsh v. St. Croix Co.* 42 id. 373; *Wells v. Am. Exp. Co.* 49 id. 224; *Wiesmann v. Brighton,* 83 id. 550; *Fay v. Lovejoy,* 20 id. 407.

CASSODAY, C. J. This is an appeal from an order overruling the demurrer to the complaint, alleging, in effect, that the defendant sold certain real estate described, February 2, 1892, in the city of *Milwaukee,* to the plaintiff, for the alleged nonpayment of city taxes, assessments, and charges on two certain lots described, and thereupon the defendant issued to him the usual certificate or contract reciting such sale to the plaintiff for the sum named; that the certificate bears interest at the rate of twenty-five per cent. per annum; that, if the land so sold should not be redeemed according to law, the owner of the certificate would be entitled to a conveyance of so much of said land as should remain unredeemed; that the defendant had not taken such proceedings and steps as authorized and empowered it to sell such lands at the date named; that, accordingly, one Liebermann, who was the owner and in possession of said lots, brought suit against the defendant and this plaintiff to have such sale and sale certificate declared to be null and void, and such proceedings were had and taken in that action that said sale and said certificate were adjudged and declared absolutely null and void, and of no value whatever, for the reason that the city officials and the city neglected to take proper steps to make the same valid (*Liebermann v. Milwaukee,* 89 Wis. 336); that the plaintiff paid the defendant the sum of $570.16 upon said pretended sale, as stated, and had received no consideration

therefor, except said void tax-sale certificate; that he is now still the owner and in possession of said certificate; that no part thereof had been redeemed; that the time for redeeming the same and taking the deed had long since passed; that he hereby and herewith brings said certificate into court, and offers to deliver the same for cancellation; that the defendant had refused, and still does refuse, to repay the same to the plaintiff, to his damage of $1,000; wherefore he demands judgment for $570.16, together with interest thereon from February 2, 1892, with costs.

The plaintiff contends that, the sale and certificate upon which he paid the money mentioned having been adjudged void, he is entitled to have the money so paid by him refunded, with interest, by virtue of the provisions of sec. 1184, R. S. But that section relates only to lands sold for the nonpayment of general taxes, and has no reference to the sale of lands for nonpayment of assessments for local improvements. Such contention is not aided by the statute which declares that "all the laws contained in these revised statutes shall apply to and be in force in each and every city and village in the state so far as the same are applicable, and not inconsistent with the charter of any such city or village; but when the provisions of any such charters are at variance with the provisions of these revised statutes, the provisions of such charters shall prevail, unless a different intention be plainly manifested." R. S. sec. 4986. Nor is it aided by the statute providing for the reassessment for money refunded on illegal tax deeds. S. & B. Ann. Stats. sec. 1186. The charter of *Milwaukee* provides that "any person entering into any contract with the city, and who agrees to be paid from special assessments, shall have no claim upon the city in any event, except from the collection of the special assessments made for the work contracted for; and no work proper to be paid for by special assessments shall be let, except to a contractor who shall so agree." Laws of 1874,

ch. 184, subch. V, sec. 21. Under that charter, this court has held that " where a lot is sold by the city treasurer of *Milwaukee* for the amount of certificates of the board of public works, and is bid in by the city, the certificate of such sale issued to the city will be held by it in trust for the several owners of the certificates of the board of public works." *Hoyt v. Fass*, 64 Wis. 273. So, " where work of the kind above described was ordered and contracted to be done at the expense of adjoining lots, without taking the necessary steps to charge the lots, *held*, that the contractor cannot recover from the city, under a charter which declares that ' in no event, when work is ordered to be done at the expense of any lot, shall the city be held responsible on account thereof.' " *Hall v. Chippewa Falls*, 47 Wis. 267. To the same effect, *Owens v. Milwaukee*, 47 Wis. 470, 471. The authorities cited rule this case. We must hold that the complaint states no cause of action against the city.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.