DAHLMAN and another, Plaintiffs, vs. CITY OF MILWAUKEE and another, Appellants: BECK, Respondent.

*January 8—January 29, 1907.*

*Municipal corporations: Public improvements: Special assessments: Actions to restrain enforcement: Parties: Pleadings: Cross-complaint: Street improvement tax certificates: Rights of certificate holder: Re-assessment: Judgment against municipality.*

1. Where the primary right claimed by plaintiff is that his property is not legally chargeable with a special improvement tax which, in form, was imposed thereon and a certificate issued therefor and delivered to the contractor, the principal defendant necessarily is the municipality, it being the actor in imposing the tax and enforcing the same, to the plaintiff's injury by a sale of his property, and the contractor, as the owner of the tax claim, is a proper if not a necessary party defendant.

2. In such case, if the contractor had not been joined in the first instance, it would be the duty of the court to order him brought in under the mandatory rule of sec. 2610, Stats. 1898, and it would have been improper for the court to proceed to final judgment declaring the improvement certificate void without ordering him brought in, and the order bringing him in obeyed, whether either of the parties moved the court to that end or not.

3. The scope of the court's power, when a person is properly or necessarily joined with the main defendant in a suit in equity, is covered by sec. 2656a, Stats. 1898 (providing that a defendant may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or a part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; but that in all such cases such relief must involve or in some manner affect the contract, transaction, or property which is the subject matter of the action, and fur-

ther providing that the relief may be demanded in the answer, or by cross-complaint, for service of the pleading upon the party or person against whom the relief is demanded, and that unless affirmative relief is so claimed by a pleading so served none shall be adjudged), and sec. 2883 (providing, among other things, that a judgment may be given determining the ultimate rights of the parties on each side as between themselves).

4. Where a transaction involved in an action was the assessment of the benefits and damages as to plaintiff's property in respect to the improvement of a street and the validity of the determination as to the proportion of the cost thereof chargeable to plaintiff's land and the proportion payable otherwise, and the contractor defendant, to whom a special improvement certificate for the collection of the tax levied therefor was issued, by answer or cross-complaint claimed affirmative relief against his codefendant, the municipality, it is competent for the court to determine the ultimate rights of the two defendants in respect to the matter so far as such determination affected the transaction which was the subject matter of the action.

5. Sec. 1210e, Stats. 1898, as amended by ch. 354, Laws of 1903 (providing that, in any action to avoid a street improvement tax certificate, upon its being determined that the special tax is void for want of a proper assessment of benefits and damages, a stay of proceedings shall be granted to await the result of a valid assessment of benefits and damages, and that the property owner shall then pay into court, for the benefit of the parties entitled thereto, the amount so found chargeable to his property as a condition of his having a judgment for costs, and also that, upon failure to satisfy such condition, judgment dismissing his complaint with costs shall be rendered), plainly contemplates the existence of the right to invoke equity jurisdiction to prevent the sale of the land to collect an illegal tax, and regulates the remedy in connection with the re-assessment laws so as to do complete equity between the parties.

6. Sec. 1210e, Stats. 1898, as amended by ch. 354, Laws of 1903, is supplementary to sec. 1210d, as amended. The procedure differs as to the manner of enforcing payment of the amount determined by the re-assessment proceedings to be chargeable against the property, but the right of the holder of an invalid street improvement certificate, upon a valid assessment of benefits and damages being made, showing the amount for which a certificate should have been issued, to recover the whole amount called for by such invalid certificate, part on account of the property involved and part out of the proper fund, is absolutely secured to the certificate holder by sec. 1210d.

7. Under sec. 1210e, Stats. 1898, the court is not limited as to grantable relief to that specified in that section.

8. Sec. 1210e, Stats. 1898, does not militate against the requirements of sec. 2610, as to the necessity of making the certificate holder a party defendant in a suit to set aside the certificate, nor sec. 2656a, as to settling the rights of codefendants between themselves and granting appropriate relief accordingly upon proper pleadings claiming the same.

9. A city charter provided that any person who shall have contracted with the city to do street improvement work to be paid for from special assessments upon the abutting property shall have no claim against the city in any event except for the proceeds of the special assessment; that no work proper to be paid for by such assessments shall be contracted to be paid for in any other way; that such work shall be contracted to be paid for in special assessment certificates so far as the benefits to the parcels of land respectively abutting on the street improved properly assessable to such lands will go for that purpose; and that the balance as to each parcel shall be paid out of ward funds. The contract under which a certain street improvement was made provided that the contractor receive special assessment certificates in payment and satisfaction of his work to the extent the amounts thereof would go in liquidation of the same without any other claim upon or liability of the city on account of any amount included in such certificates. *Held*, that such charter provisions and such contract were subject to the re-assessment laws, which in effect amended the city charter and are constitutional and effective.

10. In such case the charter provisions and the re-assessment statutes supplementing the same secured to the contractor a right to receive of the city the difference between the contract price of the improvement in front of any parcel of land affected and the amount properly chargeable thereto, according to a valid ascertainment of the same, as provided in the charter, in case of the initial determination failing for want of a proper determination of benefits and damages.

11. In such case the rights of the contractor and municipality result in this rule: In case of an invalid determination of the net benefits accruing to a parcel of land abutting on a street by reason of the improvement thereof, the cost of the improvement being payable to the contractor, to the extent of the net benefits to such property, by a special assessment certificate issued against the same and the balance by the municipality, and the work having been done and a proper certificate, in form, issued to the contractor, and the owner of the land commencing an

action to set aside the certificate because of failure of the municipal authorities to properly ascertain the net benefits to the land,—the owner of the certificate should be made a party defendant, and the rights of the plaintiff as to both defendants and the rights of the latter as between themselves should be settled by a final judgment, and in case it is determined, in the manner provided by law, that the amount charged against plaintiff's property for the improvement is excessive, and the excess determined, judgment therefor should go against the municipality in favor of the contractor, if properly claimed in the latter's pleading.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to enjoin the sale of land for nonpayment of a street improvement tax.

The city of *Milwaukee,* which imposed the special tax, and the owner of the certificate, *C. Beck,* who did the work as contractor, were joined as defendants. The claim of the plaintiffs was that the assessment was invalid because made on an arbitrary basis of $6 per front foot for benefits regardless of damages, the assessing board well knowing, as the fact was, at the time of making the assessment that the contemplated improvement would result in making a deep cut in front of plaintiffs' property, greatly damaging the same, while the law only permitted the cost to the excess of benefits accruing to the property over damages thereto to be charged against such property.

The allegations of the complaint appear with sufficient detail for a full understanding of the case by the abridgment of the findings hereafter referred to.

The city answered the complaint, putting in issue all the allegations as to the claim above mentioned, and pleaded the pendency of an action at law between plaintiffs and the city in the circuit court for Milwaukee county to recover damages alleged to have been caused to plaintiffs' property by the alleged unlawful improvement.

The defendant *Beck* answered by way of cross-complaint and prayed that in case of the tax being declared void a reassessment should be made under ch. 354 and ch. 276, Laws of 1903, and that the difference between the amount of the void certificate and the proper amount chargeable to the plaintiffs' premises on account of the improvement should be adjudged in defendant's favor against the city. The latter did not plead to such cross-complaint.

Omitting formal matters and those which are not in controversy or are not necessary in deciding the case, the facts as determined by the court are substantially as follows: The city of *Milwaukee* had authority by its charter to improve the street in question in a prescribed manner. The defendant, *C. Beck,* duly contracted with the city to improve such street as alleged in the complaint. March 10, 1902, for the purpose of a foundation for making the improvement the board of public works of such city submitted to its common council a resolution to grade and macadamize the roadway, pave the gutters, and grade, curb, and plank the sidewalks on National avenue, the street in question, from Washington avenue to Thirty-fourth avenue in the Twenty-third ward of said city, which was referred to the local committee of the ward. Subsequently it was amended by substituting the words "Thirtieth avenue" for "Thirty-fourth avenue" and adopted. The engineer's estimated cost of the improvement in front of plaintiffs' property was $4,239.12 and the actual cost was $5,062.92. There was issued to the contractor a certificate against the premises for $4,250 and one against the ward fund for $812.92. The estimated cost of the improvement throughout its whole course varied from $96.15 to $231.75 for a 30.10 foot lot. June 30, 1902, the board of public works aforesaid transmitted to said common council duplicate assessments of benefits and damages for making the improvement as set forth in the complaint, showing that such benefits were assessed by the frontage rule instead of according to the

excess of benefits over damages as to each parcel of land. On said day the assessment was confirmed by said council and is the sole basis for the tax in question. Plaintiffs' premises are on the crest of a natural elevation. The surface of the east line is 6.69 feet and at a point 337 feet west 53.1 and at the west line 0.6 feet above the sidewalk level, which level at a point thirty-seven feet west of the east line of the premises is 3.15 feet and at a point 300 feet west thereof 5.55 and at the west line 2.15 feet above the roadway. The established grade of the street in front of such premises is from five and one-half to sixteen and one-half feet below the natural surface thereof and of said premises. To grade such premises, so as to make them conform to the grade of the street, back from the street line 150 feet would cost more than $5,200. The city was benefited by the improvement to the extent of the cost thereof. The certificate issued to the contractor is now owned by him. It was issued on the uniform basis of $6 per front foot, that being the basis of assessments along the whole street so far as the same was improved. The board of public works in making the assessment did not consider the benefit and injury which might result to each lot or parcel of land from the improvement, nor consider nor determine the effect of the improvement as to each lot separately, nor the cost thereof, nor consider and assess the benefits and injuries or either of them as to each parcel of land as a separate matter. The assessment was based on the estimated cost of the entire work as if each parcel of land was equally affected.

From such findings the conclusion was reached that the special tax for want of a proper assessment of benefits and damages as to plaintiffs' premises was void, and that defendant *Beck* was entitled to receive of the defendant city by way of a special assessment against plaintiffs' premises such part of $4,250 as should be by due proceedings to that end determined to be legally chargeable thereto and to receive of the defendant city the balance of said sum with interest upon the

whole of such sum from the time the same was payable to said' *Beck,* to wit, November 24, 1904, and that the final judgment should declare the certificate for $4,250 void and award plaintiffs full costs, and that further proceedings should be stayed to wait the result of a new assessment of benefits and damages according to the statutes on that subject, which was ordered to be made forthwith.

An interlocutory judgment was rendered accordingly.

A new assessment of benefits and damages was thereafter made as ordered by the court, which was confirmed by the common council of the defendant city and conceded by plaintiffs to be regular, though excepted to by them as to the damages to the premises as determined.

The court, upon such new assessment of benefits and damages being completed and confirmed as aforesaid and proof thereof being duly made, filed final findings in harmony with the preliminary decision, and further to this effect: According to the re-assessment of benefits and damages to which no objection is made by plaintiffs going to the regularity thereof, no benefits accrued or were assessable to the plaintiffs' premises by reason of the improvement of the street in front of their premises.

Judgment was accordingly ordered decreeing the certificate issued to defendant *Beck* on the first assessment void and requiring it to be delivered up for cancellation, awarding him $4,250 against the defendant city with interest thereon from November 23, 1904, and awarding plaintiffs full costs against said city, and said *Beck* full costs likewise. Such judgment was duly rendered, from which this appeal was taken.

For the appellants there was a brief by *John T. Kelly,* city attorney, and *Clinton G. Price,* assistant city attorney, and oral argument by *Mr. Price.*

For the respondent there was a brief by *Turner, Hunter & Goff,* and oral argument by *C. F. Hunter.*

MARSHALL, J.   The primary right claimed by plaintiffs is that their property was not legally chargeable with the improvement tax which, in form, was imposed thereon and a certificate issued therefor and delivered to respondent.   The principal defendant necessarily was the city of *Milwaukee,* it being the actor in imposing the tax and in enforcing the same, to the plaintiffs' injury by a sale of the property.   Respondent *Beck,* as the owner of the tax claim, was a proper, if not a necessary, party defendant.   It would seem, since the city in case of plaintiffs prevailing could not proceed to enforce the tax for the benefit of *Beck,* that he was a necessary party. If he had not been joined in the first instance it is quite clear that it would have been the duty of the court to order him brought in under the mandatory rule of sec. 2610, Stats. 1898, which provides that "when any persons not parties to the action have such interests in the subject matter of the controversy as to require them to be made parties for their due protection, the court shall order them to be brought in." As this court has previously, in principle, decided, had *Beck* not been made a party at the outset or before trial, it would have been improper for the court to proceed to final judgment declaring the improvement certificate void without ordering him brought in, and the order being obeyed, whether either of the parties moved the court to that end or not.   *McDougald v. New Richmond R. M. Co.* 125 Wis. 121, 129, 103 N. W. 244.

The scope of the court's power when a person is properly or necessarily joined with the main defendants in a suit in equity is covered by secs. 2656*a* and 2883, Stats. 1898.   The first section provides:

"A defendant . . . may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; but in

all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action."

It further provides that the relief may be demanded in the answer or by cross-complaint, and for service of the pleading upon the codefendant against whom the relief is ·demanded, and that unless affirmative relief shall have been so claimed by a pleading so served none shall be adjudged. The latter section provides that a "judgment may be given . . . determin[ing] the ultimate rights of the parties on each side, as between themselves." Thus it will be seen that since respondent by answer or cross-complaint claimed affirmative relief against his codefendant, the appellant, it was competent for the court to determine the ultimate rights of the two in respect to the matter so far as such determination affected the transaction which was the subject matter of the action. That such transaction was the assessment of benefits and damages as to the plaintiffs' property in respect to the improvement of the street in question and the validity of the determination as to the proportion of the cost of such improvement chargeable to plaintiffs' land and the proportion payable otherwise, does not seem to be open to reasonable controversy.

The rule laid down in *Kollock v. Scribner,* 98 Wis. 104, 73 N. W. 776, that where a defendant in equity pleads a cause of action against a codefendant which would, independently of the main cause, be a proper ground of complaint at law against such codefendant, though so far germane to such principal cause, in case of that being a good one, as to be presentable therewith,—if it be held not good and the complaint be dismissed on that ground the dismissal will carry the incidental cause with it, does not apply here. The main cause in the case in hand was held good and the full relief demanded by plaintiffs was substantially granted. The mere fact that there was a re-assessment of benefits and damages under a law providing therefor, and that a valid assessment

of benefits and damages in the first instance was not, in view of the re-assessment statutes, a condition precedent to grading the street so that a failure to make a valid assessment at first was not irremediable as regards the liability of the city for damages, did not militate against plaintiffs' invoking equity jurisdiction to prevent the sale of their land to collect the illegal tax. Sec. 1210e, Stats. 1898, as amended by ch. 354, Laws of 1903, plainly contemplates the existence of the right to use such jurisdiction and regulates the remedy in connection with the re-assessment law so as to do complete equity between the parties, in that it provides, in any action to avoid a street improvement tax certificate upon its being determined that the special tax is void for want of a proper assessment of benefits and damages, for a stay of proceedings to await the result of a valid assessment of benefits and damages and for the property owner then paying into court "for the benefit of the parties entitled thereto" the amount so found chargeable to his property as a condition of his having a judgment for costs, and provides that upon failure to satisfy such condition judgment dismissing his complaint with costs shall be rendered.

On the question of whether sec. 1210d,. Stats. 1898, as amended and found at ch. 276, Laws of 1903, and sec. 1210e, Stats. 1898, as amended by ch. 354, Laws of 1903, apply to the re-assessment made in this case, the cause is ruled by *Dahlman v. Milwaukee,* 131 Wis. ——, 110 N. W. 479 (opinion by Mr. Justice Winslow). What is said in that case renders it unnecessary to discuss the subject in this opinion and unnecessary to point out that in this language in said ch. 276, "and the excess in the amount of such valid certificate over such new certificate, if any, shall be paid to said holder, or person, out of the proper fund," the word "valid" should be read "invalid," that clearly having been the intent of the legislature. See ch. 501, Laws of 1905.

Sec. 1210e, as amended, is supplementary to sec. 1210d,

as amended. The procedure in the former differs from that in the latter, as to the manner of enforcing payment of the amount determined by the re-assessment proceedings to be chargeable against the property, but the right of the holder of an invalid street improvement certificate, upon a valid assessment of benefits and damages being made, showing the amount for which the certificate should have been issued, to recover the whole amount called for by such invalid certificate, part on account of the property involved and part "out of the proper fund," seems to be absolutely secured to the certificate holder by the latter section. It provides, generally, that when any special assessment certificate is invalid for failure to make a proper assessment of benefits and damages the city authorities shall proceed to make a new assessment of benefits and damages in the manner provided by law. Sec. 1210e, Stats. 1898, as amended, among other things, provides that when in any action to set aside a special assessment certificate the court shall determine that the assessment is invalid because of a defective assessment of benefits and damages the proper city authorities shall proceed to make a new assessment of benefits and damages as required by law, etc., thus recognizing the duty imposed by sec. 1210d. The re-assessment as regards the ultimate rights of the parties interested is quite clearly intended to be the same whether it is made by order of the court in an action, or independently thereof, though the proceedings to enforce such rights are somewhat different in one case than in the other. In either the property holder is directly or indirectly held liable for the amount chargeable to his land for the benefit of the contractor making the improvement, and the latter is protected as to the balance the same as he would have been if a valid assessment of benefits and damages had been made in the first instance, by the difference between the amount chargeable to the property and the contract price for the work of making the improvement in front of the same to the center of the street being made "payable out of the proper fund."

True sec. 1210e, Stats. 1898, as amended, as counsel for the appellant contend, makes no mention of relief grantable to the contractor, except as to the amount of the invalid improvement certificate properly chargeable to the land against which it was issued. But just as true, as an original matter, it does not confer the right to recover of the property owner or out of his land the amount legitimately chargeable to such land as determined by the re-assessment. That properly speaking is secured by sec. 1210d. The supplementary section only provides a method of enforcing collection of it, viz.: by declaring that the property owner shall make payment into court for the benefit of the parties entitled thereto as a condition of final relief in the action.

We cannot agree with counsel for appellant that the court in dealing with this subject, in equity, is limited as to grantable relief to that specified in sec. 1210e. It by no means militates against the requirements of sec. 2610 as to the necessity for making the certificate holder a party defendant in the suit to set aside the certificate nor the other section to which we have referred as to settling the rights of codefendants between themselves and granting appropriate relief accordingly upon proper pleadings claiming the same. If respondent had a right, as shown by the result of the re-assessment proceedings, to recover the difference between the amount called for by the invalid certificate and the amount found justly and legally chargeable to plaintiffs' land, a settlement of the rights of defendants between themselves under sec. 2610 of the Statutes required that fact to be adjudicated, and affirmative relief in respondent's favor against his codefendant in response to secs. 2656a and 2883 of the Statutes to which we have referred required the entry of judgment in accordance with such fact.

Counsel for appellant call attention with much confidence to these facts as fatal to the judgment: First, sec. 21, ch. V, of the city charter of the city of *Milwaukee* provides that any person who shall have contracted with the city to do street improvement work and to be paid for from special assessments

upon the abutting property shall have no claim against the city in any event except for the proceeds of the special assessments, and that no work proper to be paid for by such assessments shall be contracted to be paid for in any other way, and sec. 10, ch. VII, of such charter provides that street improvement work of the sort involved in this case shall be contracted to be paid for in special assessment certificates so far as the benefits to the parcels of land respectively abutting on the street improved properly assessable to such lands will go for that purpose, and that the balance as to each parcel shall be paid out of the fund of the ward in which such parcel shall be situated; second, the contract between respondent and the appellant was to the effect that the latter would receive special assessment certificates in payment and satisfaction of his work to the extent that the amounts thereof would go in liquidation of the same without any other claim upon or liability of the city on the contract for any amount included in such certificates; third, it has been repeatedly decided by this court that where street improvement work, according to the provision of the city charter where the same is done, can be paid for only in special assessment certificates against the abutting property, the person doing such work takes all the risk of the regularity of the proceedings in respect to making the special assessments and has no claim whatever against the city in case of the special taxes being uncollectible by reason of the assessments failing for any reason; that he is without any remedy whatever against the city, it not being responsible for the validity of its proceedings, and only being, in contemplation of law, the agent of the owner of the certificates to collect the same so far as the charter makes provision in that regard. On this counsel cite many cases, the most significant of which are *Eilert v. Oshkosh,* 14 Wis. 586; *Fletcher v. Oshkosh,* 18 Wis. 228; *Hall v. Chippewa Falls,* 47 Wis. 267, 2 N. W. 279; *Zwietusch v. Milwaukee,* 55 Wis. 369, 13 N. W. 227; *Hoyt v. Fass,* 64 Wis. 273, 25 N. W. 45; *Heller v. Milwau-*

*kee,* 96 Wis. 134, 70 N. W. 1111, and *Roter v. Superior,* 115 Wis. 243, 91 N. W. 651.

The two sections of the *Milwaukee* city charter referred to should be read together as part of the general scheme for doing street improvement work by contract, the cost thereof in front of each parcel of land abutting on the street improved to the center thereof to the extent of the net benefits thereto accruing by the improvement to be paid by the owner of such parcel and the balance to be paid by the city out of the fund of the ward in which the land is located. No work proper to be paid for by special assessment certificates shall be contracted to be paid for in any other way, is the command of the charter, but no work is proper to be paid for by such certificates except to the extent of the net benefits accruing to the parcels of land respectively fronting on the street improved. True the charter declares, as we have seen, that the contractor agreeing to take his pay in special assessment certificates shall have no claim against the city on account of his work except for the collection of such certificates, but that does not militate against the execution of any corrective law designed to determine the proper amount of such benefits in case of the original determination being inefficient and the enforcement of the rights of the contractor as thus readjusted.

True also the contract between the respondent and the appellant, following the requirements of the charter, bound the former to take special assessment certificates in payment of his work to the extent of the net benefits accruing thereby to the parcels of land fronting on the street improved, but that, too, did not preclude his having the benefit of any law designed to determine the amount of such benefits in case of the initial determination being ineffective. True also, as this court has frequently decided, and it is the settled law, where the cost of street improvement work is payable only by special assessments against the abutting property, failure of the assessments for neglect to comply with the law in making the

same does not render the city liable to the contractor, but such
rule manifestly does not stand in the way of the execution
of a valid law providing for an efficient ascertainment of the
amount chargeable to the parcels of land abutting on a street
improved in case of the initial assessment failing. Moreover,
that has nothing whatever to do with the subject of municipal
liability for the cost of street improvement work not charge-
able to the abutting property.

The provisions of the city charter to which we have referred
and the contract between respondent and appellant are sub-
ject to the re-assessment laws, which are in effect amendments
to the city charter. Such manifestly is the legislative plan.
That such laws are constitutional and effective as designed by
the lawmaking power is not open to reasonable controversy at
this time. As was said in *Sanderson v. Herman,* 108 Wis.
662, 669, 84 N. W. 890, 85 N. W. 141:

"The authority in our own state is overwhelming in support
of laws authorizing re-assessment both of general taxes and of
special assessments. There can be no doubt that the legisla-
ture has power to ratify imposition or direct re-assessment of
taxes which it might originally have authorized. . . . If it
be urged that conditions required by the charter originally
cannot now be complied with,—such, for example, as the as-
certainment of benefits and damages cannot now precede the
letting of the contracts, as was obviously the policy of the
charter,—it is a complete answer that the legislature might
originally have authorized a special assessment without mak-
ing such ascertainment an essential preliminary to contract-
ing."

Without further discussion we may well conclude, in har-
mony with *Haubner v. Milwaukee,* 124 Wis. 153, 101 N. W.
930, 102 N. W. 578; *Pabst B. Co. v. Milwaukee,* 126 Wis.
110, 105 N. W. 563; and *Dahlman v. Milwaukee,* 131 Wis.
——, 110 N. W. 479, that the plain purpose of the re-assess-
ment laws under consideration was to provide a remedy, in
case of special assessments to pay for street improvements

proving uncollectible after the doing of the work, for an effi-
cient readjustment of the rights of the three parties con-
cerned: the municipality, the property owner, and the con-
tractor. That was very distinctly held in *Haubner v. Mil-
waukee, supra,* it being said, in effect, that while sec. 1210e
only requires the property owner to pay into court the amount
justly chargeable to his land according to the re-assessment,
the rights of the contractor are also involved and are to be
deemed the same as in case of an appeal by the property
owner, under the charter provision on the subject, from the
determination as to the amount chargeable to his land for net
benefits accruing from the improvement: that is, after taking
account of the net benefits, as finally determined, the differ-
ence between the amount charged in the illegal certificate
and the proper amount is payable "by the city out of the
proper ward fund." Sec. 11, ch. VII, Milwaukee Charter. In
harmony therewith in *Pabst B. Co. v. Milwaukee, supra,* it
was said:

"The amount of the assessment, if illegally arrived at in
the beginning, may be changed to the proper amount by re-
assessment proceedings."

It must necessarily follow, and such, it seems, is in effect
expressly provided for in sec. 1210d, as amended, that if the
amount payable by the city is illegally arrived at in the be-
ginning it may be changed to the proper amount by the re-
assessment proceedings and collected accordingly.

So, as we must conclude, the charter of the city of *Milwau-
kee* and the re-assessment statutes supplementing the same se-
cured to the respondent the right to receive of the appellant
the difference between the contract price of the improvement
in question in front of plaintiffs' property and the amount
properly chargeable thereto, according to a valid ascertainment
of the same, as provided in the charter, in case of the initial
determination failing for want of a proper determination of
benefits and damages. We are not troubled in this case with

any question of retroactive legislation, since the re-assessment statutes existed at the time the contract involved was made and form a part thereof as effectively as if referred to therein. We should say in passing that it is not intended by this to suggest that the right of the respondent would be different if the situation were otherwise.

The right of respondent being as indicated, the judgment complained of goes no further than to fully vindicate it. The court in accordance with settled principles of equity jurisprudence, as embodied in sec. 2610 and sec. 2883 of the Statutes, determined the ultimate rights of defendants between themselves and granted the proper affirmative relief prayed for by a proper pleading under sec. 2656a of the Statutes.

The result of the foregoing as a rule is this: In case of an invalid determination of the net benefits accruing to a parcel of land abutting on a street by reason of the improvement of such street, the cost of the improvement being payable to the contractor, to the extent of the net benefits to such property, by a special assessment certificate issued against the same and the balance by the municipality, and the work having been done and a proper certificate, in form, issued to the contractor, and the owner of the land commencing an action to set aside the certificate because of failure of the municipal authorities to properly ascertain the net benefits to his land,—the owner of the certificate should be made a party defendant and the rights of the plaintiff as to the defendants and the rights of the latter as between themselves should be settled by the final decree, and in case of its being determined, in the manner provided by law, that the amount charged for the improvement against the plaintiff's property is excessive, and the excess determined, judgment therefor should go against the municipality in favor of the contractor, if properly claimed by the latter's pleading. Such was the course pursued in this case.

*By the Court.*—The judgment is affirmed.