WILLIAMS, Appellant, vs. EAU CLAIRE COUNTY, Respondent.

*January 30—February 18, 1908.*

*Municipal corporations: Improvements: Special assessments: Enforcement by sale: Taxation: Refunding money paid on void sale: Caveat emptor.*

1. The charter of the city of Eau Claire (ch. 184, Laws of 1889) provides for the issuing of special assessment certificates, but contains no provision giving the city treasurer or any city officer power to sell land for delinquent city taxes or delinquent special assessments. In a proceeding before the county board to secure the refunding of the amount paid the county treasurer for a tax certificate it appeared, among other things, that there was included in the face of the certificate a special assessment levied by the city for a sidewalk constructed by mistake along the property described in the certificate, and that no attempt had been made to follow the provisions of ch. 71, Laws of 1901 (providing for the enforcement of special assessment certificates issued by cities to contractors in payment on contracts). *Held*, that the tax certificate, being a general tax-sale certificate issued upon a general tax sale, was illegal by reason of the unauthorized addition to the general tax of such special assessment.

2. In such case the purchaser is held to have a statutory right to have his money refunded with interest. *Heller v. Milwaukee*, 96 Wis. 134, distinguished.

3. Where there is a statute authorizing a recovery wherever a tax sale or tax certificate is invalid, the rule of *caveat emptor* has no application to cases coming within the statute.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

The appeal is from a judgment dismissing an appeal from a decision of the county board of *Eau Claire* county disallowing in part a claim filed with that board under sec. 1184, Stats. (1898).

*L. A. Doolittle,* for the appellant.

For the respondent the cause was submitted on the brief of *Fred. Arnold,* district attorney.

Among other references upon the part of the appellant were the following: Secs. 1133, 1140, 1184, Stats. (1898); *Heller v. Milwaukee,* 96 Wis. 134, 70 N. W. 1111; ch. 184, Laws of 1889.

Among other references upon the part of the respondent were the following: Secs. 685, 1065, 1113, Stats. (1898); *Sheboygan Co. v. Sheboygan,* 54 Wis. 415, 11 N. W. 598; *Ritter v. Ritter,* 100 Wis. 468, 76 N. W. 347.

TIMLIN, J. At the county treasurer's sale of lands for delinquent taxes on May 17, 1904, the appellant purchased for the sum of $91.43 a certificate of tax sale on the east one-half of lots 31, 32, 33, 34, and 35 in block 25 of the city of Eau Claire. This certificate recited that the $91.43 was the amount due and unpaid for taxes, interest, and charges on said land for the year 1903, and was in the form prescribed by sec. 1140, Stats. (1898). The sale and certificate thus appeared to be on account of general taxes delinquent. But it appeared thereafter that an ordinance of the city of Eau Claire having required a sidewalk to be built in front of lots 18, 19, 20, 21, and 22 of block 24, the contractor building said sidewalk by mistake constructed this sidewalk in front of the lots described in the tax certificate of sale at a cost of $79.07, and this item formed part of the $91.43 for which the lots were sold. The lots in question belonged to the Culver estate, and the tax was entered on the tax roll opposite the description of these lots as follows: "General tax, state, county, city, county school, school district, library and sinking fund, $2.75; highway tax, 25 cts.; sidewalk repairs, $79.07; total tax, $82.07." On the tax sale book of the county treasurer opposite this description was entered: "Amount of treasurer's return, $82.07; town treasurer's fees, $4.11; interest, $3.75; county treasurer's fees, 25 cts.; cost of advertising, $1.25; amount sold for, $91.43; by whom bid off, *G. W. Williams.*" The return of delinquent taxes oppo-

site the description of these lots merely stated, "Tax $82.07." The notice of tax sale made no mention of any special tax or assessment, but stated that these lots were sold for the non-payment of taxes, interest, and charges thereon for the year 1903. The purchaser, *Williams,* the appellant, had no knowledge that the lots were sold for anything but general taxes. The appellant, *Williams,* filed a claim with the county board of supervisors for the return of his money, with interest at seven per cent., as provided in sec. 1184, Stats. (1898), upon the ground that said tax certificate was illegal. He showed the foregoing facts before the county board and before the circuit court on appeal therefrom. The county board allowed his claim at $15.56 and disallowed the amount of $79.07. Upon his appeal from this disallowance the circuit court dismissed the appeal upon the merits on the authority of *Heller v. Milwaukee,* 96 Wis. 134, 70 N. W. 1111.

The charter of Eau Claire is ch. 184, Laws of 1889. Sec. 25 of subch. V of this charter provides that sidewalks shall be constructed, reconstructed, or repaired in such manner, of such materials, and in such time as the common council by ordinance, resolution, or order shall direct. Sidewalks must be constructed by the owner of the land in front of which the sidewalk is to be laid, but if the owner fails to do so the common council may cause the sidewalk to be made at the expense of the owner. The contract for such construction is to be let to the lowest bidder. The common council shall levy a special tax on such land sufficient to pay the cost of construction. Notice to the landowner is provided for. Sec. 33, Id., provides that whenever any work has been done under contract as provided in that chapter and the work has been approved by the mayor, street commissioner, and city engineer, such contractor shall be entitled to a certificate therefor stating the amount of work done, the nature thereof, and the lots or parcels of land upon which the same shall be chargeable. This certificate may be transferred by indorsement.

If the amount thereof is not paid before the time of making out the annual assessment roll, the certificate may be filed with the city clerk, and the council shall order the same assessed upon the land as a special tax to be collected therefrom for the benefit of the holder of the certificate as other taxes on real estate are collected by the laws of this state, provided that in no event shall the city be held responsible for or on account thereof. Sec. 16 of subch. VII, Id., requires the city clerk to place in a separate column of the tax roll, opposite the description of the land, all special taxes levied by the common council since the making out of the last annual tax list. The city clerk may add the city, state, and county taxes together and carry this amount into one column. Sec. 18, Id., provides that the tax warrant appended to the tax roll shall require and command the city treasurer to collect the taxes and assessments, specified in said tax roll, and for that purpose he has by sec. 19, Id., the powers of a town treasurer. Sec. 20, Id., requires the city treasurer to return to the county treasurer on or before March 1st in each year a list of all lands, lots, and personal property upon which taxes have not been paid in like manner as town treasurers are required to do. Secs. 1113 and 1114, Stats. (1898), regulate this return of delinquent taxes, making no provision for special assessments. Sec. 5, subch. III, of the charter declares that, except as otherwise provided in the charter, the city treasurer shall have the same powers and be subject to the same liabilities as town treasurers. There is no provision in the city charter giving the city treasurer or any city officer power to sell land for delinquent city taxes or delinquent special assessments. The city of Eau Claire was therefore one of the class of cities provided for by ch. 71, Laws of 1901. This statute is not referred to by either counsel in the instant case.

We cannot too strongly recommend the diligent examination of statutes and appropriate references thereto. Statutes aid and enlighten the counsel and the court, especially in

questions relating to taxation. When such special assessments are unpaid they will be returned delinquent to the county treasurer in the manner described in the statute last referred to. The county treasurer must advertise and sell the lands upon which the special certificate rests *by separate sale* for the nonpayment of such certificate. If there is a bidder other than the county it is fair to infer from the whole purview of this act that the money paid for the tax certificate of sale must be paid by the county treasurer to the owner of the special assessment certificate. If there is no other bidder the lands must be bid in by the county. If the landowner redeem, the redemption money is paid to the owner of the assessment certificate. If no redemption, the tax certificate of sale is assigned to the holder of the assessment certificate and he has the several remedies therein provided. In the case at bar the proof is defective as not showing whether there was an assessment certificate issued. But it is clear that the special assessment was not returned delinquent in a special column and that the county treasurer did not sell separately for the payment of the special assessment, but that a gross amount not identified was unlawfully added to the general tax and one sale made for the whole amount. The tax-sale certificate, being a general tax-sale certificate issued upon a general tax sale, was illegal by reason of this unauthorized addition to the general tax, quite as much so as if the unauthorized addition had been an arbitrary sum not a part of and not authorized to be collected with the general tax. The purchaser had a statutory right to have his money refunded, with interest at seven per cent. Sec. 1184, Stats. (1898).

The case of *Heller v. Milwaukee,* 96 Wis. 134, 70 N. W. 1111, has no application to the case at bar. The city treasurer of Milwaukee was authorized to make sales of land to collect special assessments. The charter forbade any liability of the city for such assessments. Heller bid in the land at city treasurer's sale, and after the sale was declared void

attempted to recover back from the city the sum paid, under the provisions of sec. 1184, Stats. (1898). He was neither within the letter nor the spirit of that section, which authorizes recovery from a county, not from a city, for the money paid for a tax certificate at a general tax sale, not for the money paid for a tax certificate at a tax sale by the city treasurer for city taxes or special assessments. In the latter case the purchaser, not being within the purview of the statute, must rest his claim on common law, and the rule *caveat emptor* applying to such purchase he is denied recovery. But the statute authorizing a recovery wherever the sale or a certificate issued thereon is invalid, the rule *caveat emptor* has no application to cases coming within this statute.

It follows that the circuit court erred in dismissing the plaintiff's appeal from the order of the county board, and the county board erred in disallowing the plaintiff's claim. The judgment appealed from must be reversed, with directions to render judgment for the plaintiff for the amount disallowed by the county board, with interest as provided by statute.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the plaintiff.